ARTHUR ROSS v. THE STATE.

No. 663.    Decided January 11, 1911.

**1.—Assault to Murder—Deadly Weapon—Means Used.**

Where, upon trial of assault with intent to murder, the evidence showed that no serious injury was inflicted and that the defendant used a small knife, the court should have submitted Article 717, Penal Code, with reference to the means used and the intent of the defendant, and that if the knife was not a deadly weapon in the manner in which it was used the jury should acquit defendant of assault to murder.

**2.—Same—Argument of Counsel—Attorneys Must Confine Themselves to the Record.**

Where, upon trial of assault with intent to murder, complaint was made as to the argument of the State's counsel and the court instructed the jury not to consider same, there was no reversible error; but State's counsel are admonished to confine themselves to the facts in their argument to the jury.

**3.—Same—Evidence—Practice on Appeal.**

Objections to the admissibility of the testimony should state the grounds of such objections, which should be incorporated in the bill of exceptions.

Appeal from the District Court of Bexar.    Tried below before the Hon. Edward Dwyer.

Appeal from a conviction of assault with intent to murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*T. H. Ridgeway,* for appellant.—Upon question of intent and court's failure to charge on means used: Wilson v. State, 34 Texas Crim. Rep., 64, 29 S. W. Rep., 41; Jenkins v. State, 30 Texas Crim. App., 379, 17 S. W. Rep., 938.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—In this case the defendant was charged with the offense of assault to murder, and on a trial was convicted and his punishment assessed at ten years confinement in the penitentiary.

The testimony is rather meagre on the specific intent to kill. The State's testimony is about as follows: Some white people and some negroes were riding on a street car in the city of San Antonio. The conductor changed the place for the negroes to sit, and directed them to change their seats. The appellant, Arthur Ross, in changing his seat is alleged to have stepped on a white lady's foot, and upon her remonstrating, is said to have remarked, "Keep your d—n feet out of the way." Upon her husband stating that he should not curse in the presence of ladies, he cut him with a knife, striking him on the shoulder and cutting a gash about five inches in length. The doctor testified that the wound might have been a serious one but for the fact that the collar and clothing prevented a deep wound being inflicted. The State offered no proof as to the size of the knife used, or that the wound was a serious one, other than it might have been serious but for the protection of the collar and clothing. The injured party was not confined to his bed. The appellant's testimony denied the use of the language to the lady, and claimed that he cut Mr. Eastland at a time when he (Eastland) was making an assault on him. That the knife he used was a small pocketknife.

1. The court, in a proper charge, submitted the issue of self-defense; the jury finding against appellant on this charge, there is no ground for complaint. But the defendant in his motion for a new trial raises the issue that the court nowhere in his charge affirmatively submits to the jury whether or not the knife from its size and the mode and manner of its use was an instrument calculated and likely to produce death. Article 717 of the Penal Code reads as follows: "The instrument or means by which a homicide is committed are to be taken into consideration in judging of the intent of the party offending; if the instrument be one not likely to produce death, it is not to be presumed that death was designed, unless from the manner in which it was used such intention evidently appears." We think that in view of the fact that no serious injury was inflicted, and the only testimony adduced on the trial being that it was a

"small knife," this article of the statute should have been given in charge, and presented affirmatively; that is, if the jury did not believe that the knife from its size and the mode and manner of its use was a deadly weapon, it would not be presumed that death was intended, and unless they so found the appellant would not be guilty of an assault to murder, although he might have been guilty of some lesser grade of assault.

2. Complaint is made of many remarks made by the district attorney in his address to the jury, but inasmuch as the court, in approving the bills of exception, states he instructed the jury not to consider such remarks, we will not consider such bills, further than to say that the district attorney should always keep himself within the record, and not so conduct himself as to subject himself to the criticism that he is seeking to arouse the passions of the jury by unfair methods and be reproved by the court four or five times during one address.

3. Several bills of exception are reserved to the admissibility of certain testimony, but they are not in such shape that we can review the testimony. At the time objection is made to the admissibility of testimony, the grounds of the objection should be stated that the trial court may rule intelligently, and these grounds should be incorporated in the bill. A mere statement "to which ruling of the court in admitting the testimony defendant objects" is insufficient. The reasons should be given.

For the error pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Prendergast, Judge, not sitting.