HARRY JAMES v. THE STATE.

No. 1217. Decided May 31, 1911.

Rehearing Denied June 23, 1911.

**1.—Local Option—Evidence—Date of Offense.**

It is well settled that the State, as a rule, is not confined to the particular date set out in the indictment, unless the date is barred by limitation or occurred after the presentment of the indictment, and where the bill of exceptions is not specific there was no error in permitting the State to ask whether the offense occurred in a certain month alleged in the indictment.

**2.—Same—Evidence—Bill of Exceptions—System.**

Where the bill of exceptions is too indefinite to point out any error, the same can not be considered on appeal, and grounds of objection are not to be treated as statements of fact; and where the State's counsel asked the witness how many times he got whisky on a certain date and place in order to show system there was no error.

**3.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not show what other or different sales of intoxicating liquors were introduced, nor that, as a matter of fact, they had no bearing upon the case, and were calculated to injure the defendant, a general objection in the bill to all evidence of other and different sales could not be considered on appeal.

**4.—Same—Evidence—Contradicting Witness.**

Where the bill of exceptions did not show the answer to the question objected to by the State, the same could not be considered on appeal.

**5.—Same—Evidence—Bill of Exceptions—Testimony Drawn out by Defendant.**

Where appellant brought out before the jury the fact that his witness had left the State, it gave the State the right to ascertain why the witness had left.

**6.—Same—Election by State.**

The State has the authority to elect upon which transaction it will predicate its prosecution, and this election is not permitted to be had by the accused, and where the defendant did not suggest that he was surprised at the election of the State of a sale of intoxicating liquors in violation of the local option law on a certain date, and that the defendant had a valid defense thereto, there was no error.

**7.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions did not point out the error in admitting testimony as to the sale of intoxicating liquors by a liquor dealer to the defendant, there was no error.

**8.—Same—Evidence—Res Gestae—Intent.**

   Where the bill of exceptions was deficient in not excluding the idea that testimony of other sales was introduced to develop res gestae or show the intent or connect defendant with the offense on trial, there was no error.

**9.—Same—Evidence—Bill of Exceptions—Election.**

   It is not necessary to allege in the indictment the particular dates as to when the local option election was ordered and held, etc., and there was no error in admitting testimony of the orders of the Commissioners Court ordering the election and declaring the result, etc.

   Appeal from the District Court of Bowie. Tried below before the Hon. T. A. Turner.

   Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

   The opinion states the case.

   *J. M. Williams* and *H. W. Vaughan,* for appellant.

   *C. E. Lane,* Assistant Attorney-General, for the State.

   DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law, his punishment being assessed at one year confinement in the penitentiary.

   The evidence discloses that the alleged purchaser, Williams, went into appellant's place of business on or about the 11th day of July and got a pint of whisky off the ice box. When he entered he found in the place a little negro girl and appellant. His recollection is appellant was lying on a couch, and witness said, "Hello, Harry," or something to that effect, and "How are you?" Witness said, "I would like to get a bottle." Appellant did not reply, but got up, sat on the side of the couch a moment or two, and walked around behind the curtain to his left toward the ice box and around behind the counter. When he did that witness walked towards the water cooler. When appellant walked around behind the curtain he passed out of the sight of the witness, who waited for him to return, expecting him to come out another way. He came around by the ice cooler where witness was around the ice box and went behind the counter. When appellant did this witness went around to the ice box behind the curtain, took a pint of whisky off the ice box, put it in his pocket, laid seventy-five cents on the table, and walked away. There were other sales mentioned during the testimony that occurred along the same general plan. Appellant denied all these matters.

   1. Appellant's first bill of exceptions recites that the State offered the following question and answer of Bragg Williams, the prosecuting witness: "Q. Did you get any intoxicating liquor in and from the defendant's place of business in and during the month of July? A. Yes, sir," to which counsel for appellant objected for the reason that the question and answer fixes no specific date, and neither proves nor

tends to prove the allegations of a sale on the 11th day of July, and the court overruled said objection. The indictment was returned into court on the 5th of December after the alleged sale in July. This bill is not specific. It does not show definitely what bearing, if any, the answer of the witness had upon appellant's case. It is well settled that the State, as a rule, is not confined to the particular date set out in the indictment, and a date other than that specifically mentioned may be proved if it occurred prior to the presentment of the indictment and within limitation. This is the general rule, but not the invariable one. This testimony may have been followed by evidence fixing the particular date relied upon by the State, and if we refer to the statement of facts we would find this to be the case. So the witness does fix the 11th of July as one on which he bought intoxicating liquor from appellant.

2. Another bill recites the following: While Bragg Williams, the prosecuting witness, was upon the stand, he was asked: "How many times or different times did you get whisky in his place of business on the 6th? A. Twice." To which question and answer defendant objected because the question and answer refers to another and different sale than that alleged in this cause, and because the defendant had already been tried for one sale alleged to have been made by him on the 6th day of July, and same was then in the hands of the jury, and because the same was prejudicial to the right of the defendant to a fair and impartial trial. This bill is too indefinite to point out any error. The grounds of objection are not to be treated as statements of fact. It is not alleged, as a matter of fact in the bill, that appellant had been tried for a sale on the 6th of July, or what was the result of the verdict; nor is it shown that the State was relying upon this date as the date of sale. The State may have been and doubtless was trying to show the peculiar system by which appellant made sales. A bill of exceptions to the admission of testimony must manifest on its face that the court committed such error against the accused that will require a reversal of the judgment for such admission. Presumptions are in favor of the correctness of the rulings of the trial court, and bills of exception attacking these rulings must show upon the face of the bill the rulings were wrong. This bill of exceptions does not exclude or propose to exclude reasons why this testimony might or may have been admissible.

3. Another bill recites that counsel for defendant made objection "to any and all of the evidence introduced by the State of other and different sales of intoxicating liquors alleged to have been made by the defendant, than the particular sale for which the defendant was then being tried," because the testimony neither proved nor tended to prove the sale alleged to have been made by the defendant on the 11th day of July, but did have a tendency to prejudice the minds of the jury against him. The trouble with this bill is the same as with the others; it is too indefinite, does not show what other or different

sales of intoxicating liquors were introduced, nor that as a matter of fact they had no bearing upon the case, and were calculated to injure. The grounds of objection do not bring before the court for review those matters as statements of fact. The bill of exceptions on its face should have shown by proper averments the fact that other and different sales admitted were improperly admitted. This the bill does not do.

4. Another bill recites the following question appellant offered to ask the prosecuting witness, Bragg Williams: "Q. I will ask you, Mr. Williams, if you didn't pursue and follow the occupation of a gambler for years?" The State objected, and the objection was sustained. Appellant objected to the ruling of the court "because the question would have brought the answer, if truthfully answered, that the witness had followed such occupation for years, and because such answer would have gone to his credibility as a witness against the defendant." This bill is very indefinite. What the answer would have been is not set out. The ground of objection was that if it had been truthfully answered, he would have stated that he did follow such occupation, but that is only a ground of objection and does not undertake to state what the witness would have answered.

5. Another bill recites that the State asked the following question, and received the following answer from the witness Williams: "What did you leave for? A. I anticipated leaving a week before this trouble came up; after being summoned before the court; I left a little earlier because I didn't want to testify against anyone; in fact, I didn't want to be before the grand jury. I left earlier than I would have because I didn't want to testify against the defendant." Appellant objected because the answer was prejudicial to his rights, and tended to convey to the minds of the jury that defendant might have brought pressure to bear on the witness and forced him to leave, and because the same was an attempt on the part of the State's attorney to corroborate the testimony of the witness by himself. This bill is signed with the following qualification: "All this about the witness leaving the State and going to Arkansas had been brought out by defendant and the State was crossing him thereon." As this bill is presented, we are of opinion there was no error. If appellant brought before the jury the fact that the witness had left the State, it gave the State the right to ascertain why he had done so.

6. Another bill recites that counsel for defendant announced ready for trial in cause No. 3096, wherein it is alleged by indictment that the defendant sold to Bragg Williams intoxicating liquor on the 6th day of July, and that thereafter a jury was duly sworn and empaneled to try this defendant in said cause; that after the State and defendant had closed their evidence the attorney for the State was allowed by the court to make an election and try the defendant for the sale alleged to have been made by him on the 11th day of July, to which counsel for defendant objected because cause No. 3097, wherein the

defendant was charged with having made a sale on the 11th of July, had not been called for trial, and the defendant had not been given an opportunity to make an announcement therein; and, further, because the defendant was thereby deprived of his right to file his motion for a continuance of that cause to another and different day of the term. The indictment in this case does charge the sale on the 6th of July. If there was another indictment charging the sale on the 11th of July, it is not set out in the transcript. But concede there was another indictment alleging that date as the day of sale, this indictment was returned in December after the sale in July, and if the State elected to try appellant for a sale on the 11th of July, it occurs to us there was nothing improper or illegal in this election. If appellant made a sale on the 11th of July, and the State having proved under this indictment that he did, and placed that sale before the jury for the purpose of conviction, and as a reliance to sustain · the prosecution, we are of opinion that it was not illegal or improper so to do. If appellant should later be placed upon trial under an indictment charging the sale on the 11th of July, and it should prove to be this transaction, or one occurring on July 11, this conviction would be a bar to a prosecution under such indictment. The State had the authority to elect upon which transaction it will predicate its prosecution. This election is not permitted to be had by the defendant. The accused person can not dictate to the court upon which transaction the State will prosecute. Bradshaw v. State, 32 Texas Crim. Rep., 381. The Bradshaw case has been followed as the correct rule in a number of cases. The appellant does not suggest that he was surprised at the election by the State and that he had a valid defense to the transaction occurring on the 11th of July.

7. Another bill recites that the State offered to introduce and did introduce the testimony of Strange "relative to a statement of account which he claimed to have for collection against the defendant in favor of one L. A. Clark, a liquor dealer doing business at Fulton, Arkansas," to all of which counsel for defendant objected because the same was hearsay and irrelevant, and even the statement of account, which was not produced would also have been hearsay and irrelevant and not the best evidence, and because the defendant was entitled to the best evidence. The court signs this bill with this qualification: "This account was for intoxicating liquors sold by Clark to defendant, since local option had been in effect in Bowie County, and defendant had acknowledged it was correct." The error is not manifested on the face of this bill, if there was any. There may be reasons why this evidence could be introduced as a circumstance, but as these matters are not made a part of the bill and the reasons why such evidence might be admissible are not excluded on the face of the bill, we deem it unnecessary to discuss its provisions. The surrounding facts in connection with this evidence are not stated. The other facts may have made this admissible or may not. The trouble is, this bill does

not put this court in position to know therefrom the facts attending its admission.

8.     Another bill shows the State offered to and did introduce the testimony of Chambers, who kept books for a certain liquor dealer doing business in Fulton, Arkansas, as to the amount of the defendant's purchases from said Clark since the local option went into effect in Bowie County. Objection was urged because this was hearsay, irrelevant and not the best evidence. Just what bearing this had upon the case or why it was relevant or irrelevant or legal or illegal is not stated. The grounds of objection will not be regarded as statements of fact. This testimony, as was said in the former bill, may have been not only admissible but pertinent. The bill fails to show that it was not admissible.

9.     Another bill recites that the State introduced the following question and answer of the prosecuting witness, Bragg Williams: "Were you in defendant's place of business on the 6th? (meaning 6th day of July). A. I was in defendant's place on the 6th. I did get whisky in the defendant's place of business on the 6th day of July. I got whisky twice in his place of business on the 6th." Objection was urged because this defendant had been tried for the sale alleged to have been made by him on the 6th day of July, and the same was then in the hands of the jury, and because he, the defendant, was then being tried for the sale alleged to have been made by him on the 11th day of July, and because such question and answer does not prove or tend to prove the sale alleged to have been made on the 11th day of July. It is well settled that where the sale has been made out positively and clearly, that the introduction of other sales is not permissible as evidence to go to the jury. But it is also well settled that there are exceptions to this general rule and if the evidence tends to develop res gestae or show the intent or connect the defendant with the offense for which he is being tried, or it is intended to show system where system becomes a part of the case, it may be pertinent. This bill is deficient in not excluding these matters.

10.     Another bill recites that several objections were urged to the introduction in evidence of the order of the Commissioners Court ordering the election in Bowie County for local option, as well as the order of said court declaring the result, and the order of the county judge designating the newspaper in which to publish the result as well as the certificate of the county judge that said result had been duly published. Objections were urged because there is no allegation in the indictment specifying the exact time when the election was declared, and because of the absence of an allegation in the indictment as to the date the result of the election was published, etc. We do not think there is any merit in those matters. The indictment charges in the usual form a violation of the local option law. Some of the matters complained of need not have been introduced at all. Certain steps taken in regard to the election are made prima facie

evidence that the law was in force. Of course, it devolves upon the State to show that the local option law was in force, else there could not be a violation of it. The State was permitted to introduce all these matters, and there is no reason shown why they could not be introduced. Nor is it necessary to set out in the indictment all these particular dates as to when the election was ordered and held and result declared. The matters have been discussed and decided in quite a number of cases adversely to appellant's contention. We deem it unnecessary to review the authorities.

We have reviewed this record and the questions urged for reversal and do not believe there is sufficient merit in any of them to require a reversal of the judgment, and it is ordered to be affirmed.

*Affirmed.*

[Rehearing denied June 23, 1911.—Reporter.]

