### W. L. FLETCHER v. STATE.

No. 2293.  Decided February 19, 1913.

**1.—Aggravated Assault—Continuance—Want of Diligence.**

Where defendant knew that the absent witnesses were not in the county of the prosecution at the time process was issued, this will not be diligence, although such absence may have been temporary; besides, the absent testimony was of an impeaching character, and the application also showed that one of the witnesses was absent by the consent of the defendant, and there being no abuse of discretion shown in overruling the motion for continuance, there was no error.

### 2.—Same—Discretion of Court—First Application.

Even the first application for continuance need not be granted as a matter of right, but is addressed to the sound discretion of the trial judge, and where such discretion is not abused, there was no error.

### 3.—Same—Evidence—Bill of Exceptions.

Where the bill of exceptions failed to show what answer the defendant had reason to believe the witness would have given, the same could not be considered on appeal. Following May v. State, 25 Texas Crim. App., 114, and other cases.

### 4.—Same—Misconduct of Jury.

Where, upon trial of aggravated assault, the alleged misconduct of the jury was not of such character as to have injured the rights of defendant under the facts and the charge of the court, there was no reversible error.

Appeal from the County Court of Collingsworth. Tried below before the Hon. R. H. Cocké.

Appeal from a conviction of aggravated assault; penalty, a fine of $500.

The opinion states the case.

*R. H. Templeton,* for appellant.— On question of refusing continuance, Harrington v. State, 31 Texas Crim. Rep., 577; Murry v. State, 1 Texas Crim. App., 174; Fowler v. State, 25 Texas Crim. App., 27.

*C. E. Lane,* Assistant Attorney- General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of an aggravated assault, and his punishment assessed at a fine of $500.

That appellant entered the bed room occupied by Mrs. Eva Snodgrass, undressed, in the night-time, is proven beyond dispute, he and Mrs. Snodgrass both testifying to that fact. He says he went by her solicitation, and that he did not act without her consent. She testified that he entered the room without her knowledge or consent and approached the bed on which she was sleeping, and placed his hands on her person, which aroused her, when she called to others. It also appears that Mrs. Snodgrass' brother at once filed a complaint, not waiting until morning.

When the case was called for trial, appellant moved to continue the case on account of the absence of five witnesses, Lester Fields, O. M. Gould, Geo. Brocius, Mrs. Rodgers, and Mrs. Mose Richardson. Appellant was arrested on the 1st day of August, and did not have process issued for any witness until the 24th day of August, 1912, returnable on the 2nd day of September. Only one of the above named witnesses was summoned, Lester Fields.

. The State filed a contest of the application, and showed by the testimony of L. A. Hunt and D. B. Jones that they heard a conversation between appellant and the witness, Lester Fields, and they heard appellant tell said witness "that he (appellant) would not

need him (Fields) as a witness, and he could go where he pleased."
That after this conversation Fields did leave. As to the witnesses,
Mrs. Ralph Rodgers, George Brocius and O. M. Gould, the State in-
troduced the testimony of J. F. Albright, L. A. Hunt, D. B. Jones
and E. V. Smith, that none of these witnesses were in Collingsworth
County at the time the subpoena was issued by appellant, and that
appellant knew this fact. If appellant knew the witnesses were not
in the county at the time the process was issued, this would not be
diligence. The process should have been directed to the county where
they then were, even though the absence may have been temporary.
As to the witness, Mrs. Mose Richardson, the facts stated it is ex-
pected to prove by her would only tend to impeach the testimony
of Mrs. E. V. Smith, a witness for the State. A continuance will
not be granted to secure impeaching testimony. (Garrett v. State, 37
Texas Crim. Rep., 198; Rodgers v. State, 36 Texas Crim. Rep., 563;
Butts v. State, 35 Texas Crim. Rep., 364; Franklin v. State, 34 Texas
Crim. Rep., 203.) A continuance, even the first, is no longer a mat-
ter of right, but is addressed to the sound discretion of the trial
judge, and under the evidence adduced on the hearing of this mo-
tion, we cannot say that the court abused his discretion in overruling
the motion.

The only other ground in the record relates to a question pro-
pounded to the main prosecuting witness, Mrs. Eva Snodgrass, which
the bill states was objected to by State's counsel. While the bill
shows that the jury was retired, and the matter heard by the court,
when the objection was sustained, yet it does not disclose what answer
the witness made, if any, or what answer he had reason to believe
she would have given, if she had answered the question. Under these
circumstances there is nothing for us to review. May v. State, 25
Texas Crim. App., 114; Schoenfeldt v. State, 30 Texas Crim. App.,
695.

This being a misdemeanor, the other questions sought to be raised
in the motion for new trial cannot be considered, except the one re-
lating to the alleged misconduct of the jury. The only misconduct
alleged is that the jury, while considering the case, discussed the
fact that appellant was a professional man, and "was a good party
to make an example of." That he was a professional man was a fact
proven in the case, therefore legitimate to be discussed; but as to him
being a good party to make an example of, this does not show that
passion or prejudice, which alone would authorize a new trial. It
seems that the entire jury was of the opinion that appellant was
guilty, and this arose over the question of the punishment to be
inflicted for the offense, and if the State's theory of the case is cor-
rect, the punishment assessed is none too severe. It is true that ap-
pellant would show that his acts and conduct, if his testimony is
given credence, were under the belief that his approaches would
be acceptable. However, when charged with being in the lady's

room that night, he first denied being by her bed, and then said he might have gotten too near her bed while he was asleep; and then added he was mean and could not help it. He does not deny offering to pay her to hush the matter up. As the court instructed the jury that even though the defendant was guilty of undue familiarity with the person of Mrs. Snodgrass, yet if he did so by her invitation or had reasonable grounds to believe and did believe that same would not be objected to, to acquit him, and the jury find contrary to his contention, we do not feel authorized to disturb the verdict.

The judgment is affirmed.

*Affirmed.*