## Babe Ford v. The State.

### No. 2738. Decided March 4, 1914.

**1.—Occupation—Intoxicating Liquors—Local Option—Indictment.**

Where, upon trial of engaging in the occupation of selling intoxicating liquors in local option territory, the indictment followed approved precedent, the same was sufficient.

**2.—Same—Continuance—Want of Diligence.**

Where the application for continuance showed a total lack of diligence, there was no error in overruling same.

**3.—Same—Evidence—Bills of Exception.**

Where the bills of exception to the admission of testimony were defective in not pointing out the error complained of, they can not be considered on appeal. Following Conger v. State, 63 Texas Crim. Rep., 312, and other cases.

**4.—Same—Sufficiency of the Evidence—Charge of Court.**

Where, upon trial of unlawfully pursuing the occupation of selling intoxicating liquors in local option territory, the evidence was amply sufficient to

sustain the conviction under a proper charge of the court, there was no error in refusing to give defendant's peremptory instruction to find defendant not guilty. Davidson, Judge, dissenting.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of pursuing the occupation of selling intoxicating liquors in local option territory; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, and *R. T. Lipscomb,* district attorney, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for unlawfully engaging in and pursuing the occupation or business of selling intoxicating liquors in Lamar County, after an election had been properly held and the law prohibiting the sale of intoxicating liquor therein had been put in force. His punishment was assessed at two years in the penitentiary,—the lowest prescribed by law.

The indictment followed the law and is in the form held sufficient by this court in an unbroken line of decisions. The court correctly overruled appellant's motion to quash it.

The court committed no error in overruling appellant's second application for a continuance. The application showed a total lack of diligence. Besides, the testimony of the absent witness was not shown to be material.

Appellant has several bills of exception to the admission of certain testimony and to the court's refusal to sustain his objections to specific questions. They are all headed with the style and number of the cause and the court in which the trial was had and then, after the formal "Be it remembered, etc.," in one, he states that the court over his objections, permitted the State to ask Bob Sanders this question: "Q. How long after the first time was it before you bought the other whisky from him?" Then the bill proceeds to state his objections. The court said, in approving it, that his only objection was "defendant objects to that."

In another bill he complains in the same way that the court, over his objections, permitted the State to ask the witness, Frank Mullens, this question: "Did you buy any other whisky from him at any time last fall?" Then proceeds to state his objections to the question. The court explains this by stating that the only objection appellant made was "the defendant objects to that because it is not alleged in the indictment." And the court further states that the testimony of the witness would show that the defendant was following the business and occupation of selling intoxicating liquors.

In another like bill he complains that while he was cross-examining

said witness, Mullins, he asked him as follows: "Q. Did you ever buy any whisky from any one else? A. Yes, sir. Q. When? A. I have bought from several. Q. Who?" And that the State then objected to the questions because immaterial and irrelevant, which the court sustained. The court, in approving the bill, said the witness did answer the question as follows: "I did not ask their names, I would not ask them their names."

In another like bill he complains that the court, over his objections, permitted Jack Miller, a State's witness, to testify as follows: "I live at Jennings, Lamar County, Texas. Bob Sanders lived with me in 1912 and worked on the farm. Q. Do you know whether or not he had any whisky in 1912? A. Yes, I saw him with whisky." Then his bill proceeds to tell what his objections were to these questions and answers of the witness.

In another like bill he objected that the State permitted said witness, Miller, to testify: "He, Bob Sanders, was in Paris in the summer and fall of 1912, every Saturday evening; I don't know as he missed a Saturday evening. I would see him with whisky on Saturday night. When I would see him with this whisky, it would be after he had been to Paris."

The bill then proceeds with his objections. The court qualified each of these bills by stating that the appellant made only these objections: "Defendant objects to the testimony because there is no proof that he took any whisky home with him. In the defendant's absence whatever he might have had is no proof from him that he had ever bought any from the defendant, hearsay testimony; and further, if your honor please, it is a matter occurring between others that don't affect the defendant in the slightest degree." And the court qualifies these bills by further stating that the court did not allow any testimony of what the witness Sanders said to be repeated by the witness Jack Miller; Sanders had already testified that he bought whisky every other Saturday from the defendant and sometimes every Saturday and that he had been living at Jennings with Bob Sanders (Jack Miller) for three years.

We have stated all these bills so as to pass upon them together. Each and every one of them is so wholly insufficient as that neither of them can be considered by this court. They, nor either of them, show any such error as would justify this court, even if it could consider them, to reverse this case. James v. State, 63 Texas Crim. Rep., 75; Conger v. State, 63 Texas Crim. Rep., 312, and cases therein cited.

The evidence in this case shows that it was admitted that the law prohibiting the sale of intoxicating liquors in Lamar County was then in effect and had been for several years past. Bob Sanders testified that he first bought whisky from appellant in the summer of 1912. "It is hard to tell how many times that I bought whisky from him"; that at the time he bought whisky from him, appellant was working in the shop of John Baird pressing clothes, and that the first whisky he bought from him was one Saturday; that the witness was down there at John Baird's shop and appellant "asked me did I want anything, and I didn't

know what he was talking about and I whispered and asked what was he talking about, and he asked me did I want some whisky, and I told him yes, and we went down to a barn where there were a lot of horses, and got some whisky down there. I got a pint of whisky at that time and paid him one dollar for it. . . . I bought whisky from him every other Saturday that I came to town, sometimes every Saturday. That is where I would always buy it. I would go down there to John Baird's. . . . I bought whisky from him after that (the first time) sometimes every week and sometimes every other week. The last that I bought from him was in September. The sales that I have been speaking about occurred in 1912, and each time we were down there at the barn on Bonham Street in Paris. I bought a pint at a time. I paid him one dollar for each one of the purchases. I would get with him there at the shop or else I would go around to Baker's furniture store and go from there down to the barn and there is where he would let me have the whisky. Sometimes he would not say anything when I would go and ask him for it and sometimes he would say, I can't get it right now, I will see you after while, and after while I would see him and get it from him. . . . We would go down to the stable and first walk around out there just as though we were looking at some horses, walk around out there and then we would go on back on the west side and go in the stable and he would hand it to me and he handed it to me two or three times right out there in the lot among the horses. He would get it out of his inside coat pocket."

Frank Mullens testified that he knew the appellant for many years and they played together when they were boys; that in 1912, appellant was in the pressing shop down there on Bonham Street in Paris and he drove the ice wagon some too, and he also worked at the drug store some. "I have bought whisky from him. I bought whisky from him when he was running that clothing store, down there pressing clothes. I went in there several times. . . . I went in there and got whisky and got it from him and paid him a dollar a pint for it and bought five pints from him. I bought that along in the summer and up in the fall of last year (1912) in Lamar County, Texas. He would get the whisky out of the clothes back in the back end; there was a barbershop in the front end and clothes in the back end and I would go back in the back to get it, and sometimes there would be a pair of pants hanging up by the side of the wall and he would run his hand in the pocket and pull out a pint and I would give him a dollar. The whisky was in one of those flat bottles." On cross-examination he further testified: "The defendant sold me whisky five times down there where they press clothes on Bonham Street. Sold me five pints and I paid him a dollar a pint for it. I would not get it all at once because a man buying bootlegging whisky, you know, he don't never want but one to start off and as regular as Saturday night comes as long as he has got one dollar and can get bootlegging whisky he will buy it." Appellant did not testify.

The court did not err in refusing to give appellant's peremptory instruction to find him not guilty, because as he contended the evidence was insufficient to convict him. It was amply sufficient.

The court gave a full, correct and apt charge and submitted and required the jury to find everything necessary to show his guilt beyond a reasonable doubt before they could convict him. He correctly defined, as has many times been approved by this court, what is meant by engaging in and pursuing the business of selling intoxicating liquors in prohibition territory. None of appellant's objections thereto are well founded.

There is no error shown by the record and the judgment will be affirmed.

*Affirmed.*

DAVIDSON, Judge (dissenting).—The whisky about which Miller testified was not shown nor attempted to be shown to come from defendant, and was in no way connected with the transaction between appellant and the purchaser. The fact that the purchaser had whisky at Jennings, or at Miller's was not evidence he purchased it from defendant. Miller's evidence was res inter alias acta and ought not to be admitted against appellant unless in some way connected with him. I can not agree to the affirmance.