### HALL PORTER v. THE STATE.

#### No. 4783.  Decided June 19, 1918.

#### Rehearing October 23, 1918.

1.—Local Option—Intoxicating Liquors—Sufficiency of the Evidence.

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain a conviction, there was no reversible error.

2.—Same—Continuance—Diligence, Want of.

Where the application for continuance showed a want of diligence, and the absent testimony was of an impeaching character, there was no error in overruling the same.

3.—Same—Date of Offense—Sufficiency of the Evidence—Bill of Exceptions.

Where the court properly limited the offense to a certain date alleged in the indictment, there was no reversible error; besides, the bill of exceptions was defective.  Following James v. State, 63 Texas Crim. Rep., 75.

4.—Same—Motion for New Trial—Misconduct of Jury.

Where, upon motion for new trial, for the misconduct of the jury, the court heard evidence and overruled the motion, there was no reversible error.

Appeal from the District Court of Titus.  Tried below before the Hon. J. A. Ward.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*T. C. Hutchings,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of misconduct of jury: Douglas v. State, 58 Texas Crim. Rep., 122; Barber v. State, 64 id., 96; Jones v. State, 72 Texas Crim. Rep., 496.

PRENDERGAST, JUDGE.—Appellant was convicted of making an unlawful sale of intoxicating liquor in prohibition territory and assessed the lowest punishment.

While the evidence was conflicting, that by the State, which the jurors testified they believed, was amply sufficient to sustain the conviction.

The court did not err in overruling the appellant's motion for a continuance. The diligence was wholy insufficient. He was indicted on July 17, 1916, but was not tried until about the third term thereafter, nearly one year. Just a few days before he was tried for the first time he had a subpoena issued for two witnesses. Only one of them was served. The other was out of the State at the time. His application shows that the testimony of these two witnesses would have been for impeaching purposes of the State's witness and for no other. The court in approving the bill said that the witness who was subpoenaed would not have testified as claimed and alleged by appellant.

Appellant has another bill which alleges that after the State's witness had testified that he had purchased from defendant one bottle of something which he thought was whisky on the 1st of February, 1916, but stated that he did not taste it and could not say it was whisky or what it was, he was permitted to testify over defendant's objections, as follows: "I bought another pint from him on the 1st day of March, 1916, at the same place in Titus County, Texas, and paid him $1 for it. It was whisky. I tasted it and drank some of it and it was whisky." The balance of appellant's bill is his objections to this testimony. They were not approved as facts by the court at all. In approving the bill the judge explained it by stating: "The defendant was only tried for one offense and the indictment charged the sale on or about the date alleged." This bill shows no error. The case of James v. State, 63 Texas Crim. Rep., 75, is directly in point against appellant and decisive against him.

In his amended motion for new trial he alleged misconduct of the jury to the effect that the jury heard and discussed other evidence than that which was introduced on the trial in making up their verdict. His motion was not sworn to by anyone. He alleged in it that he attached an affidavit supporting his allegations but none is attached and none appears elsewhere in the record.

In acting on appellant's motion for a new trial the court heard testimony. The appellant introduced two of the jurors only. At most, their testimony as a whole would hardly be sufficient to sustain his allegation, but, if so, the State introduced the other jurors, all of whom in effect directly disproved his allegation. At any rate it was a question for the trial judge to pass upon. He did so. The evidence heard by him was amply sufficient to sustain his holding in overruling appellant's motion for new trial.

The judgment is affirmed.

*Affirmed.*