## W. W. BIRD v. THE STATE.

No. 5224. Decided November 27, 1918.

**1.—Local Option—Indictment—Spelling.**

Where, upon trial of a violation of the local option law, the defendant complained in a motion in arrest of judgment of the omission of the letter "i" in the middle of the word "intoxicating" the same was correctly overruled; besides, the omission of said letter was completely supplied in other parts of the indictment. Following Barrett v. State, 9 Texas Crim. App., 33, and other cases.

**2.—Same—Evidence—Bills of Exception.**

Upon trial of a violation of the local option law, it was wholly immaterial how much family defendant had, or whether he made any money out of the sale of the liquor; besides, the bills of exception were defective.

3.—Same—Charge of Court—Sale—Ownership.

The court correctly charged that it was immaterial who the real owner of the liquor was, and gave a correct charge as to what constituted a sale.

Appeal from the District Court of Titus. Tried below before the Hon. J. R. Warren.

Appeal from a conviction of violation of local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*T. C. Hutchings,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant was convicted for violation of the law prohibiting the sale of intoxicating liquors in prohibition territory, a felony, and his punishment assessed at the lowest prescribed by law.

The charging part of the indictment is that on December 6, 1913, an election in accordance with the laws of this State was held under the authority of an order of the Commissioners Court of said county, theretofore duly made and published as required by law to determine whether or not the sale of intoxicating liquors should be prohibited in Titus County, and the qualified voters at said election did then and there determine that the sale of intoxicating liquors should be prohibited in Titus County, Texas, and thereupon the Commissioners Court of said county did pass an order declaring the result of said election and prohibiting the sale of intoxicating liquors in Titus County, Texas, which order was duly entered of record in the minutes of the Commissioners Court and was thereafter duly published by the county judge in the manner and form and for the length of time required by law, and thereafter, on or about July 1, 1917, appellant in said county did then and there unlawfully sell intoxicating liquors to R. B. Graham in violation of said law.

Appellant made no motion to quash the indictment, but after conviction he made a motion in arrest of judgment, and also at the trial, when the order of the Commissioners Court declaring prohibition had carried and prohibiting the sale of intoxicating liquors in said county, was offered in evidence, he objected to it because the letter "i" in the middle of the word "intoxicating" first used in the indictment was omitted. The court did not err in overruling his motion in arrest of judgment, nor in admitting in evidence the said order of the Commissioners Court because of the omission of said letter in said word. The omission of this letter was wholly immaterial. It could in no way have misled the appellant nor in any way injured him; besides to take the allegations in the indictment as a whole they, without doubt, show that the omission of said letter where indicated was completely supplied in the other allegations of the indictment. Johnson v. State, 4 Texas

Crim. App., 268; 'Barrett v. State, 9 Texas Crim. App., 33; Hargrove v. State, 51 S. W. Rep., 1124; Luster v. State, 63 Texas Crim. Rep., 541; Somerville v. State, 6 Texas Crim. App., 433; Hudson v. State, 10 Texas Crim. App., 215, and cases therein cited; Bailey v. State, 63 Texas Crim. Rep., 584; Reyes v. State, 81 Texas Crim. Rep., 588, 196 S. W. Rep., 532.

Appellant has a bill which merely states that while appellant was on the stand testifying his attorney asked him this question: "How much family have you?" The district attorney objected because that was immaterial, and the court sustained the objection. The bill states that if he had been permitted to testify he would have said that he had a wife and nine children. This is in substance the whole of the bill.

He has another bill which shows that while he was testifying he was asked: "And you didn't get anything out of it?" To which the district attorney objected because said testimony was immaterial, and the court sustained the objection. The bill states that defendant would have answered said question "No," if permitted to do so. This is in substance the bill in full.

Each of these bills are so wholly defective as to preclude their consideration. James v. State, 63 Texas Crim. Rep., 75; Best v. State, 72 Texas Crim. Rep., 291; Lowe v. State, 206 S. W. Rep., 519, and the rules and authorities cited in these cases. But if either of these bills could be considered neither would show any error. It was wholly immaterial how much family appellant had. The appellant in his bill in no way shows how this could have been material; nor in answer to the question in said second bill, does the bill show how his answer could have been material. It has all the time been held by this court that it was not necessary in a sale of intoxicating liquor for the seller to make any money out of it; in fact, he might lose money in making the sale; and it has also all the time been held that it would be wholly immaterial whether the intoxicating liquor belonged to the seller or not. He would be guilty of violating the law if he sold the liquor of someone else as well as if he had sold his own liquor. Besides, if we could go to the statement of facts it would show that he testified fully that the whisky was not his but belonged to a man by the name of Jones, and that while the purchaser at the time paid him two dollars for the whisky that he did not use it but later turned it over to Jones. So that in no event does either of his bills show any error.

The record shows that appellant objected to this clause of the court's charge, towit: "In this connection you are further charged that it is immaterial who the real owner of the property may be, if the party charged with the sale is in possession of the property and exercising control over the same, and for a valuable consideration paid or promised to be paid by another, delivers the property to another, to be by such other person used and appropriated as his own, then in law the sale would be complete."

This charge lays down a correct legal proposition and was applicable

in this case.  However, appellant took no bill of exceptions, presenting the matter, which was necessary.  As appellant took no bill presenting the matter evidently he acquiesced in the court's overruling his objections to the charge.

The judgment is affirmed.

*Affirmed.*