### JOHN YORK v. THE STATE.

No. 10344.   Delivered October 27, 1926.

Rehearing denied December 22, 1926.

**1.—Burglary—Bills of Exception—Requisites Of.**

Where a bill of exception complains of the refusal of the court to permit witnesses to answer questions propounded, but fails to set out in said bills what answers would have been given by the said witnesses to said questions had they been permitted to reply, such bills are insufficient to appprise this court of the alleged error complained of. See Branch's Ann. P. C., Sec. 212, citing Harris v. State, 148 S. W. 1074; Fletcher v. State, 153 S. W. 1134; also see Herrington v. State, 101 Tex. Crim. Rep. 12.

**2.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exception complains of the admission of the testimony of a witness to the effect that he saw some one driving a black-faced mule to a wagon, and such bill contains no sufficient statement of the facts involved for this court to determine the supposed error complained of the matter cannot be intelligently considered and such bill presents no error.

ON REHEARING.

**3.—Same—Evidence—Held Sufficient.**

On rehearing, appellant challenges the correctness of our original opinion in holding the evidence sufficient. The evidence discloses that the house of one Ledbetter was entered and property taken therefrom, that this property was shortly thereafter found in appellant's possession several miles away, and when first challenged as to his possession he made a statement explaining his possession, which he afterward contradicted, and his last statement was refuted by several witnesses, the jury having passed upon the issues of fact, this court cannot disturb their verdict.

Appeal from the District Court of San Saba County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction of burglary, penalty two years in the penitentiary.

The opinion states the case.

*J. Mitch Johnson* of San Saba, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, Judge.—The appellant was convicted in the District Court of San Saba County for the offense of burglary, and his punishment assessed at two years in the penitentiary.

It was the contention of the state that the appellant broke into a shop upon the premises owned by one W. R. Ledbetter, which were then in the possession and under the control of T. U. Myers, and stole therefrom an anvil, blower and some blacksmithing tools which were later found in appellant's possession and identified as the property of the said Ledbetter; and that at the time when said articles were discovered in the possession of appellant, he stated and contended that he knew nothing about them and that they were on the premises when he moved there a short time previously. The appellant, upon the trial, contended, and testified to that effect, that he purchased the articles in question from a Mr. Hector, who was dead at the time of the trial but who had formerly been a renter on the Ledbetter premises. Appellant further testified that he took said articles from the shop on the premises, but contended that the door was open at the time.

The appellant, in bills of exception 2 and 3, complains of the action of the court in refusing to permit the witnesses, Hopson and Northcutt, to answer questions propounded to them relating to an alleged conversation with H. A. Hector regarding the sale of an anvil, vise and forge. These bills fail to set out or state the answers which would have been given by the witnesses to said questions, had they been permitted to reply, and therefore are insufficient to apprise this court of the alleged error complained of. Branch's Ann. P. C., Sec. 212, citing Harris v. State, 148 S. W. 1074; Fletcher v. State, 153 S. W. 1134; also see Hennington v. State, 101 Tex. Crim. Rep. 12, 274 S. W. 599.

In bill No. 4 the appellant complains of the action of the court in permitting the state to prove by the witness, Myers, that he

saw someone driving "a black, bald-faced mule to a wagon." This bill, as presented, shows no error, in that there is not a sufficient statement of the facts involved for this court to determine the supposed error complained of. Branch's Ann. P. C., Sec. 207, citing James v. State, 63 Tex. Crim. Rep. 75, 138 S. W. 612; also see Kitchen v. State, 101 Tex. Crim. Rep. 439, 276 S. W. 252.

The appellant contends that the evidence is insufficient to warrant his conviction. After a careful examination of the entire record, we are unable to reach the conclusion that the verdict of the jury was unauthorized by the evidence, and there being sufficient evidence to sustain the verdict, this court would be without authority to interfere with the finding of the jury thereon.

Finding no reversible error in the record, the judgment of the lower court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion the appellant challenges the correctness of the holding of this court that the evidence is sufficient. No analysis of the evidence is made by him. We have examined it, however, in response to the motion for rehearing. According to the state's evidence, a certain blacksmith shop and equipment were located upon the premises of Ledbetter which were leased to one Myers. The house in which the things were situated was opened and the property taken out. It was afterwards found in possession of the appellant many miles from the premises of Myers. When first challenged, appellant gave an explanation of his possession of the property quite inconsistent with that which he gave in his testimony upon the trial of the case. He gave testimony explaining this inconsistency and claimed that he had bought the property from one Hector. Hector died before the trial took place, but his wife and other relatives of Hector gave testimony tending to contradict the appellant's claim that he bought the property from Hector.

The examination leaves us of the opinion that the conclusion expressed in the original hearing is correct.

The motion for rehearing is overruled.     *Overruled.*