JERRY RAY CROCKER V. THE STATE.

No. 23526. Delivered January 15, 1947.
Rehearing Denied February 19, 1947.

*Albert S. Reagan* and *Roger Lewis,* both of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the State penitentiary for a period of two years.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. The statement of facts shows that on or about the 13th day of November, 1944, some person or persons entered the place of business belonging to Cecil Stanfield, located in the City of Kaufman in Kaufman County, Texas, and took therefrom certain tools and machinery. An investigation by the officers led to the arrest of Nonie Dobbs, James Billy Patton, Pewee Heard and appellant. After they were arrested, Dobbs told the sheriff about the burglary, but did not tell them where they could find the stolen property. Dobbs did tell the sheriff that he thought he could get appellant to tell where the stolen property was. Thereupon the sheriff permitted Dobbs to go into the cell occupied by appellant and when he (Dobbs) came back, appellant told the sheriff where the property was. Acting upon this information the sheriff went to the place in Dallas where appellant said the property was and there found

the stolen tools and some of the machinery, which was subsequently identified by Stanfield as the property that had been taken from his place of business without his consent at the time in question.

James Billy Patton testified that he, Dobbs and appellant came to Kaufman on the night in question; that they went to Stanfield's place of business, but up to that time nothing had been said about burglarizing the place until they arrived there; that Dobbs then forced a window, opened it, entered the building, and then asked him (Patton) and appellant to come in and assist him in removing some of the property from the building which they did. All three of the parties were indicted for the offense. Patton entered a plea of guilty, was convicted and given a two-year suspended sentence. Dobbs broke jail and is a fugitive from justice.

We regard the evidence sufficient to sustain the conviction. Therefore, the court did not err in declining to instruct the jury to return a verdict of not guilty.

Appellant has five bills of exception in the record, in the first of which he complains of the action of the trial court in overruling his motion for an instruction to the jury to acquit him. There is no merit in this bill since the evidence adduced by the State is sufficient to sustain his conviction.

Bill No. 2 shows that the District Attorney, on cross-examination of Mrs. Crocker (appellant's mother), asked her if her son had ever been in trouble before, but before the witness answered the question, appellant objected thereto and the court promptly sustained the same, although no ground of objection was stated, and instructed the jury not to consider the question. This bill fails to reflect any error in view of the trial court's prompt action.

By Bill of Exception No. 3 he complains because the court overruled his motion to enter a mistrial by reason of the fact that the District Attorney had propounded to appellant's mother the question set forth in his Bill No. 2. We see no error reflected by the bill.

Bills of Exception Nos. 4 and 5 are wholly deficient in that same fail to show what he objected to. Neither do the bills state any ground of objection. This is necessary. See Ross v. State, 61 Tex. Cr. R. 12, 133 S. W. 688; James v. State, 63 Tex. Cr. R. 75, 138 S. W. 612.

Tex. Jur., Vol. 4, p. 290, sec. 205, states the rule as follows:

"Every bill of exception must make plain the error of the matter therein complained of. The bill must negative the presumption that the court ruled correctly, and show that the error was committed, or, in other words, that the ruling was wrong; and also that it was hurtful to the cause of the appellant."

See also Section 207 in the same volume and the authorities there referred to for the requisites of a bill of exception.

No reversible error appearing from the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant lays much stress on the failure of the original opinion to consider his Bill of Exception No. 5, which is as follows:

"Be it remembered that on the trial of the above entitled and numbered cause, it is shown from the evidence on the trial herein that the authority had previous knowledge of all the matters and things testified to prior to the time of the said alleged confession, and defendant tenders this his bill of exception No. 5."

The foregoing bill is qualified by the court as follows: "Nonie Dobbs had given the officers some information concerning the offense, but he did not give the location of the property. The defendant gave them that information. See early part of re-direct examination of witness J. L. McCollum, S. F. page 9." Counsel accepted the bill with this qualification and, thereby, is bound by it.

The sheriff had testified as to the statement made by appellant while in jail. He asserted that such statement lead him direct to the stolen goods, and that they were recovered as a result thereof. It is true that a deputy sheriff had previously testified on the subject and the writer is unable to say that his evidence contradicts that of the sheriff in any respect. By no reasonable interpretation of the deputy's testimony can we

eliminate positive contradictions of his own statements on the subject. He saiys, in one place, I "knew before Jerry Ray Crocker told us where it was." Again, "No sir, Dobbs hadn't told us two days ahead of that, it was all told the same day. Dobbs told us where it was first." Again, he states, "Dobbs said he could not tell us where it was, no sir, he didn't know, so he said."

On re-direct examination he stated, "Nonie Dobbs said he didn't know the exact location of this property. Jerry Ray Crocker told us where they had this stolen stuff hidden part of the time."

The judge who heard the evidence is probably in better position to reconcile the conflicting statements of the witness, of which the foregoing is only a sample, and he definitely did so in qualifying the bill. If appellant disagreed with such qualification he should have excepted to it at the time. Having failed to do so, the bill is before us with the qualification contrary to the contention as argued in the motion for rehearing.

The bill was not considered in the original opinion because it does not comply with the rules. While this court may interpret the bills in the light of the statement of facts, and it is often necessary to have the statement of facts in order to consider the bills, still, it is always necessary that the bills point out the evidence which the appellant seeks to exclude. Bill No. 5 wholly fails to do that and properly was not considered.

The motion for rehearing is overruled.