JOE LEE DAVIS V. STATE

No. 28,023. February 15, 1956.

Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 4, 1956.

*Robert K. Ramsey,* Terrell, for appellant.

*Henry Wade,* Criminal District Attorney, *Tom Thorpe, Frank Brown* and *Charles S. Potts,* Assistants Criminal District Attorney, Dallas and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is assault with intent to murder; the punishment, ten years.

Appellant and the injured party, Martha Johnson, had lived together for some time in the city of Terrell. Shortly before the assault, Martha left the appellant and took up residence with her father in Dallas. On the morning of the shooting, the appellant came to Dallas in his automobile and presented himself at the house where Martha was staying and asked to speak to her. She came out to his automobile, and they discussed resuming their cohabitation. Martha left the automobile, and the appellant called her back; she left the second time, and as she reached the door of the house she was shot in the face and neck with a shotgun, from which blast she lost one eye and part of the vision of the other.

Appellant testified that the shotgun had been discharged accidentally but gave no explanation as to why he picked the gun up off the floorboard of his automobile and pointed the same in her direction.

We shall discuss the evidence more fully in connection with the bills of exception discussed in the appellant's brief.

Bill of Exception No. 1 relates to the refusal of the court to grant his motion for continuance because of the absence of his witness Dr. Jackson. The bill recites that Dr. Jackson was at the time of the trial attending a meeting at Lubbock, Texas; that the appellant presented to the court a subpoena bearing the return of the sheriff of Kaufman County, Texas, with the notation "Dr. Jackson will be out of the city until June 11." There is a complete absence of any showing that a subpœna for Dr. Jackson directed to the sheriff of Lubbock County was ever requested, even though the appellant knew that was where the witness might be found. In Fletcher v. State, 69 Tex. Cr. Rep. 135, 153 S. W. 1134, we held that process for a witness should be directed to the county where the party desiring the witness knew him to be, even though the witness' absence from his home was only temporary.

We also observe that we are not impressed with the materiality of the testimony of the witness, as he was not a witness to the assault, nor does the record reveal that he treated the injured party after she was shot and could not therefore have testified as his affidavit states, in part, he would have "concerning the injuries sustained by Martha Johnson, the distance from

which the gun was fired, the position from which it was fired, the angle it was held at the time it was fired, and other relevant facts that I might have been competent to give testimony on as a medical expert."

Bill of Exception No. 2 complains of the interrogation of the injured party concerning prior threats the appellant had made to her. The answer complained of is: "He told me there was something he was going to do after this period of time was over with, after this suspended sentence was up."

Appellant contends that this constituted proof of an extraneous crime by the state's first witness in that it proved that the appellant was under a suspended sentence.

Clearly, any threat made by the appellant against the injured party was admissible under that rule of law which was reaffirmed as to murder cases by the passage of Article 1257a, V.A.P.C.

Though not identically analagous to the situation before us here, we recently, in Carrier v. State, 159 Tex. Cr. Rep. 421, 264 S. W. 2d 728, held it proper for the victim of a robbery to testify that the robber told him that he was an ex-convict and not afraid of the cops or the electric chair.

Bill of Exception No. 3 complains that the state was permitted to show that a "Miss Sweeney" had had the appellant placed under a peace bond. The matter arose as follows. Martha was being questioned about her troubles with the appellant and was asked if she had him placed under a peace bond. She answered, "Yes, Miss Sweeney had him put under a peace bond." She was later asked who "Miss Sweeney" was, and she answered, "The lady I work for here in Dallas." Mrs. Sweeney testified later in the trial that the appellant had come to her house the day before the shooting asking for Martha. We cannot bring ourselves to conclude that the jury were lead to believe that this peace bond grew out of a difficulty with anyone other than Martha.

Bill of Exception No. 4 complains of cross-examination of the appellant. The appellant had testified that he had been charged with murder in 1946 and that he had received a suspended sentence. On cross-examination, we find the following:

"Q. What kind of shot do you use in this gun? A. Different kinds, I wouldn't know, I just ask for a box of shells.

"Q. Is this the same shotgun you shot Neman Cole with? A. I shot him with a 110.

"Q. Were you shooting rabbits with that? A. No, sir. I had to shoot him to protect myself.

"Q. All right, you asked her - - -

\* \* \*

"The Court: Your objections should come in time, counsel. Gentlemen, don't regard what he shot someone else with at some other time."

In view of the failure of the appellant to make timely objection and in view of the action of the ·trial court, we have concluded that the asking of the question does not constitute reversible error.

Appellant complains that his witness Loftus was not permitted to testify in contradiction to Martha about a certain telephone conversation.

Nowhere in the record do we find what Loftus' testimony would have been if he had been permitted to testify, and therefore nothing is presented for review. Deams v. State, 159 Tex. Cr. Rep. 496, 265 S. W. 2d 96.

Appellant has tendered this court an affidavit which he claims contains evidence discovered since the appeal in this case was perfected. This is a court of review, and we have not authority to consider such affidavit.

No reversible error appearing, the judgment of the trial court is affirmed.