## WILL SKEEN V. THE STATE.

### No. 592.   Decided April 6.

1. **Practice on Appeal—Rehearing.**—Where it appears from the record that a bill of exceptions bears a file mark showing the bill to have been filed in vacation, and said bill of exceptions was disregarded, and subsequently another file mark was discovered showing the bill to have been filed in term time, a rehearing will be granted.

2. **Carrying Pistol—Evidence—Sufficiency of.**—Where, on a trial for carrying a pistol, it was shown that defendant had carried a pistol on several occasions, *Held*, such evidence was sufficient to sustain the charge, the inference from the evidence being, that it was his custom so to do.

3. **Same—Evidence Held Inadmissible.**—On a trial for carrying a pistol, evidence was offered that defendant's father requested him to bring his pistol home from his place of business. *Held*, this evidence was too remote, uncertain, and conjectural to afford any evidence that he was carrying it home as requested.

4. **Evidence—Burden of Proof.**—The purpose or reason for having, or which tended to justify carrying a pistol, are matters defensive, which should be shown by the party accused, unless the facts attendant upon the transaction do so. They are peculiarly within his knowledge, and it devolves upon him to prove the same.

APPEAL from the County Court of Wichita. Tried below before Hon. A. H. CARRIGAN, County Judge.

Appellant was convicted of carrying a pistol, and his punishment assessed at a fine of $25. The judgment in this case was affirmed at a former term of the court, and a rehearing granted for the reasons shown in the opinion.

The facts are sufficiently stated in the opinion.

*L. H. Mathis*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The judgment herein was affirmed at the recent term of this court at Dallas. The bill of exceptions incorporated in the record was there disregarded, because filed in vacation. There is another file mark on the bill, showing it to have been filed in term time. Resolving the doubt as to these dates in favor of appellant, it is thought proper that the bill be considered, and the rehearing granted. The evidence discloses that appellant, on the street in the city of Wichita Falls, in the evening after business hours, had left his business place and was going, in company with a friend, in the direction of his home; that, passing the business place of another friend, the two stopped, engaged in conversation and pleasantries with this friend, and finally became engaged in a "tussle" with him, during which appellant's pistol dropped from his pocket, struck a rock, and was discharged, the ball striking the friend upon the cheek. It is also shown, that he had carried the pistol at other times, the inference from the evidence being, that it was his custom so to do.

By his father, appellant offered to prove, that "on the morning before or on the morning in which this accident happened, a dog came to my house and began running my chickens. I went out after him, and ran him away. I then went to my son's room, woke him, and asked him if he had a pistol. He told me that he had one down at his place of business. I told him to bring it home, as we needed it there at the house. My recollection is, that it was on the morning of the accident, before Word's store, that I asked him to bring it home." This testimony, on the record before us, was properly excluded. It is too remote, uncertain, conjectural, to afford any evidence that he was carrying it home as requested. The matters which justify or tend to justify a party in carrying a pistol, under the terms of article 319 of the Penal Code, are defensive, and the State is not required to disprove same as a prerequisite to conviction. The purpose or reason for having or carrying a pistol are matters which should be shown by the party accused, unless the facts attendant upon the transaction do so. They are peculiarly within his knowledge, and it devolves upon him to prove same. Such is the rule, and such is the statute, as we understand it.

The State's case was clearly made out, and no rebutting evidence was introduced. The simple request by his father to bring his pistol home, standing by itself, afforded no evidence that appellant was carrying a pistol home. It was but a request, not even assented to by appellant, so far as the record shows. If admitted, it could have afforded no excuse for the act. If he had introduced evidence to the effect that he was carrying it to his father's house, to be there left, this request would have been legitimate, as tending to show his honesty of purpose. As presented to us, the court was correct in excluding the testimony.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.