## BUCK BLACKWELL v. THE STATE.

*No. 717.    Decided May 18.*

**1. Unlawfully Carrying a Pistol—"Traveler"—Burden of Proof.**—On a prosecution for unlawfully carrying a pistol, where the defense was, that defendant was not liable, because he was a "traveler," *Held,* that it devolved upon him to prove that he was a "traveler."

**2. Same—Fact Case.**—See facts stated in the opinion, which the court holds are wholly insufficient to support the defense of traveler, in a prosecution for unlawfully carrying a pistol.

APPEAL from the District Court of McCulloch.    Tried below before Hon. J. O. WOODWARD.

This appeal is from a conviction for unlawfully carrying a pistol, the punishment assessed being a fine of $25.    The opinion states the case.

No brief for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This conviction was for carrying a pistol.    Appellant was seen on the sidewalk in the town of Brady with a pistol on his person.    The officer arresting him followed appellant into a saloon, and there took the pistol from his person.    His witnesses testified that he lived in Coleman County; frequently came to Brady, in McCulloch County, and on such occasions left his pistol in the saloon where he was arrested; that on the night in question, and shortly before his arrest, he went into the saloon, purchased a bottle of whisky, got his pistol, and "said he was going home;" that he went upon the street to where his horse was hitched, threw the bridle reins over the horse's neck, at which time he, upon invitation of a friend, returned to the saloon, and took another drink.    It was there the officer arrested him.    Appellant's contention is, that he was a "traveler," within the purview of the statute.    We do not think the evidence sustains this contention.    What evidence is there that appellant was a traveler?    Does the fact that he lived in Coleman County and his statement that he was going home constitute him a traveler?    Not by any means.    Suppose the town of Brady was on or near the Coleman County line, and appellant's residence just across that line, would the fact that he was in Brady constitute him a traveler?    In what portion of Coleman County did appellant live?    Whereabouts in McCulloch County is Brady?    How far is it from Brady to appellant's home.    His frequent visits to Brady indicated proximity of residence.    If the appellant was a "traveler," within the spirit of the law, it was of easy proof, and he should have shown it.    Under the law, it devolved upon him to prove this exception.    The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.