## T. N. HARRIS v. THE STATE.

### No. 431. Decided February 16, 1910.

### Rehearing March 23, 1910.

**1.—Carrying Pistol—Information—Disjunctive.**

An information which charged the defendant with unlawfully carrying on or about his person a pistol, instead of using the phrase "on and about," is fatally defective. Following Hart v. State, 2 Texas Crim. App., 39, and other cases.

**2.—Same—Recognizance—Fine Assessed—Practice on Appeal.**

Where, upon appeal from a misdemeanor, the recognizance failed to state the punishment assessed against the appellant in the court below, and recited that he was charged with carrying on or about his person a pistol, the same was fatally defective.

Appeal from the County Court of Nolan. Tried below before the Hon. John J. Ford.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant,

*John A. Mobley,* Assistant Attorney-General, for the State.—Cited May v. State, 40 Texas Crim. Rep., 196.

DAVIDSON, Presiding Judge.—Appellant was convicted of unlawfully carrying a pistol, his punishment being assessed at a fine of $100.

The charging part of the information is as follows: ". . . did then and there unlawfully carry on or about his person a pistol, against the peace and dignity of the State." This information is subject to demurrer in that it charges the offense in the alternative "on or about." The allegation could have been made and should have been made by the use of the conjunctive "and" instead of the disjunctive "or." This character of pleading has been held vicious since the case of Hart v. State, 2 Texas Crim. App., 39. See also Tompkins v. State, 4 Texas Crim. App., 161; Burrows v. State, 17 S. W. Rep., 257; Parker v. State, 20 S. W. Rep., 707; Wells v. State, 21 S. W. Rep., 370; Young v. State, 42 S. W. Rep., 564; Walker v. State, 32 Texas Crim. Rep., 517; Davis v. State, 23 Texas Crim. App., 637. These are a sufficient number of cases to indicate the unbroken line of authority.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

### ON REHEARING.

#### March 23, 1910.

DAVIDSON, Presiding Judge.—At a former day of the term the judgment herein was reversed and the cause remanded for the reason that the charging part of the information was subject to demurrer, and fatal in that it charged appellant with having carried on or about his person a pistol, placing it in the disjunctive instead of the conjunctive. The State files a motion for rehearing, and now makes it appear that the information as originally copied in the transcript was incorrect, and a correct transcript of the information as filed in the trial court is now before the court, and shows that the information did charge the offense correctly. The State further moves that the reversal be set aside because the court was without jurisdiction, or rather that the jurisdiction of the court had not attached at the time of the rendition of the opinion because of a defective recognizance. The recognizance does not state the amount of the fine assessed against appellant. This under the Act of the Legislature is necessary. The former judgment reversing the cause is set aside, and the case will now be further heard upon the record.

In regard to the motion of the State to dismiss the appeal on account of a defective recognizance, we find that as said recognizance is transcribed in the record, the motion is well taken. The recognizance fails to state the punishment assessed against appellant in the court below, and it is further deficient in alleging that appellant

stood charged in the lower court with carrying on or about his person a pistol. These matters were not called to the attention of the court upon its former submission, nor before the opinion was rendered reversing and remanding the cause. As the matter is now presented, the motion of the Assistant Attorney-General is well taken, and the appeal will be dismissed for want of a proper recognizance.

*Dismissed.*