## T. F. HUNTER v. THE STATE.

No. 2978.   Decided April 8, 1914.

1.—Carrying Pistol—Sufficiency of the Evidence—Burden of Proof.

Where, upon trial of unlawfully carrying a pistol, the defendant claimed that he was a civil officer in the discharge of his duty, and, second, that he had reasonable grounds for fearing an unlawful attack, etc., the burden of

proof was upon him to establish these facts, and where the court properly submitted his defense, although the charge was not artistically drawn, there was no error, and the conviction is sustained.

**2.—Same—Requested Charges.**

Where the requested charges were covered by the court's main charge, and, besides, these matters were not properly raised on appeal, there was no reversible error.

**3.—Same—Argument of Counsel—Bills of Exception.**

In the absence of a proper bill of exceptions to the argument of counsel, the same can not be considered on appeal. Following Conger v. State, 63 Texas Crim. Rep., 312, and other cases.

**4.—Same—Indictment—Disjunctive.**

Where, upon trial of unlawfully carrying a pistol, the indictment charged that the defendant did unlawfully "carry on or about his person a pistol" instead of "on and about," the same was fatally defective. Following Lewellen v. State, 54 Texas Crim. Rep., 640, and other cases. Prendergast, Presiding Judge, dissenting.

Appeal from the County Court of Terry. Tried below before the Hon. Geo. W. Neill.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*John Davenport* and *T. F. Hunter,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant appeals from a conviction for carrying a pistol with a fine of $100 assessed,—the lowest prescribed by law.

By the uncontradicted evidence for the State appellant is shown to have carried a pistol at the time and place charged in the indictment. This is not disputed. In addition, the appellant himself testified and swore that he carried the pistol at the time and place alleged in the indictment. So that so far as this case was concerned it was unquestionably shown and not contested that appellant carried the pistol at the time and place alleged. His defense was that he was not guilty of violating the law at the time because,—first, he was a civil officer engaged in the discharge of his duty; and, second, that he had reasonable ground for fearing an unlawful attack upon his person and the danger was so imminent and threatening as not to admit the arrest of the party, about to make such an attack, upon legal process.

The court substantially, if not literally, told the jury, in accordance with the statute, article 475, Penal Code, the offense. And also told them, as shown by article 476, Penal Code, that the preceding article did not apply in either of the two events, claimed by appellant as his defense. The charge of the court was not very artistically drawn, but it substantially and fully enough submitted these questions to the jury for a

finding. The jury found all of them against appellant and were justified by the evidence in so finding.

Under the statute, and many decisions of this court, the court's charge, in effect, that the burden was upon appellant to establish his defense, was correct. Besides, the articles of the statute above noted, pertaining to this offense, article 52, Penal Code, prescribes, "On the trial of any criminal action, when the facts have been proved which constitute the offense, it devolves upon the accused to establish the facts or circumstances on which he relies to excuse or justify the prohibited act or omission." Lewis v. State, 7 Texas Crim. App., 567; Stilly v. State, 27 Texas Crim. App., 445; Skeen v. State, 34 Texas Crim. Rep., 308; Blackwell v. State, 34 Texas Crim. Rep., 476, and other cases unnecessary to cite.

Appellant has several complaints to different expressions of the court's charge and to the refusal of the court to give his special charges asked. Even if any of these matters were so raised as to authorize or require this court to pass thereon, they present no reversible error, because the charge of the court, as given, including one of appellant's special charges given, presents substantially correctly every issue raised and necessary to be decided.

Appellant has one bill of exceptions to the argument made by the district attorney to the jury. The bill states that he excepted to the argument, "And made various objections to the same." What these objections were are not stated, nor shown in the bill. Nor, are the circumstances under which the claimed objectionable argument was made, stated. No special charge is shown in the record to have been requested by appellant and refused for the jury to disregard the argument. The bill itself is insufficient to properly present the question and it shows no error. James v. State, 63 Texas Crim. Rep., 75, and Conger v. State, 63 Texas Crim. Rep., 312, and authorities there cited.

The most material question in this case is appellant's claim that the indictment charging him with this offense is fatally defective. After the necessary preliminary allegations therein, it avers that appellant, in said county, on January 29, 1913, "Did unlawfully carry on *or* about his person a pistol," appellant claiming that the averment that he carried "on *or* about" is fatally defective; that the indictment should have charged that he carried "on *and* about." The Assistant Attorney General also contends as does appellant. Appellant cites Canterberry v. State, 44 S. W. Rep., 522; Lewellen v. State, 54 Texas Crim. Rep., 640, 114 S. W. Rep., 1179; Harris v. State, 58 Texas Crim. Rep., 523, 126 S. W. Rep., 890. Each of these cases sustain his contention. There may be others to the same effect. The question is, are they right and shall they be followed?

It was unquestionably the common law rule that such an allegation— "on *or* about"—was bad and an indictment or complaint and information so charging, insufficient. Many decisions of this court, prior to 1881, correctly so stated and held. Some of these are cited and noted in the

three decisions above cited and relied upon by appellant. But by the Act of March 26, 1881, ch. 57, p. 60, our Legislature expressly enacted the reverse of this rule. Said Act is now articles 460 to 476, inclusive, in our Code Criminal Procedure. The Legislature unquestionably by that Act, intended that the old rule of the common law, as shown by said articles, should no longer be the law of this State, but that Act, where it changed such rule, should be the law of this State. There can be no question that the Legislature had the power and the authority to so enact, and this court, and no other, can say it did not. The Legislatures of our State enact laws,—not this court. This court can neither properly enact a law, nor repeal one. It is, should, and must, be bound by the Acts of the Legislature when constitutionally enacted. As said by this court, through Judge Willson, in Leeper v. State, 29 Texas Crim. App., 63, so we here say: "We regard it as the imperative duty of this court, and of all other courts of this State, in the trial and determination of causes, to be guided and controlled by the statutes of the State, whenever there is a statute applicable to the question presented. Our observation is that many errors have crept into the decisions of the courts of this State, especially in criminal cases, by following common law rules and decisions of other States, overlooking our own statutes. These errors should be corrected whenever detected, and a strict adherence to statutes should be the rule governing courts in their decisions."

The purpose of the said rule at common law was, as stated by textbook writers and the decisions of this court, that an accused had the right to know by the indictment with what offense he was charged and when the indictment charged in the alternative he could not and did not know this. But it is also the rule at common law that when an offense may be committed in two or more ways, or by two or more means, an indictment is perfectly good which charges all of these things in the conjunctive, because thereby an accused is charged with each and every one of them; but that the State is entitled to a conviction when it proves either one of the various means or ways, and that the State does not have to prove but one, although it alleged many. For instance, in this case, under the old rule, appellant could have been charged by the indictment with carrying "on *and* about," but the State was entitled to a conviction by proving either that he carried the pistol "on," or that he carried it "about," his person, and the State did not have to prove both that he carried it "on" and that he carried it "about" his person. Then so far as the accused was concerned he knew that under the statute he could be convicted if the State proved he carried the pistol either "on *or* about" his person and he had to meet the proof of both contingencies just as he would have had if he had been charged with carrying it "on *and* about" his person. No more, no less.

Then let us see what our statutes clearly and unequivocally enact. Said article 475 is: "If any person . . . shall carry on or about his person . . . any pistol . . ., he shall be punished by a fine of not less than one hundred, etc." Said Act of 1881, art. 460, Code Crim. Proc.,

is: "An indictment for any offense against the penal laws of this State shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment." Article 469, Code Criminal Procedure, is: "An indictment under the laws regulating the carrying of deadly weapons may charge that the defendant carried about his person a pistol . . . without authority of law, without a further averment of a want of legal excuse or authority on his part." Then article 473, Code Criminal Procedure, which is section 14 of said Act of 1881, is: *When the offense may be committed by different means or with different intents, such means or intents may be alleged in the same count in the alternative.*" (Italics ours.) Article 9, Penal Code, is: "This Code, and every other law upon the subject of crime which may be enacted, shall be construed according to the plain import of the language in which it is written without regard to the distinction usually made between the construction of penal laws and laws upon other subjects." In neither of the above decisions relied upon by appellant is this statute even indirectly referred to. It seems to have been overlooked or ignored. I have searched diligently and have been unable to find any decision of this court at any time since the enactment of said Act of 1881, wherein it was held that said article 473 was not the law, or for any other reason invalid and inapplicable to this question. I, therefore, follow the plain and unequivocal enactment of the Legislature and not said decisions relied upon by appellant, and hold that this indictment was perfectly valid. But the other members of this court do not agree with me and follow said decisions, and accordingly said indictment was bad, and in accordance with their holding this cause is reversed and dismissed.

*Reversed and dismissed.*

PRENDERGAST, PRESIDING JUDGE, dissents.