**Jose Gutierrez PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04-01-00484-CR.**

Court of Appeals of Texas, San Antonio.

June 26, 2002.

Albert L. Rodriguez, Law Office of Albert L. Rodriguez, San Antonio, for appellant.

Ralph J. Bernsen, Sr., County Attorney, Hondo, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SANDEE BRYAN MARION, Justice.

Opinion by: CATHERINE STONE, Justice.

Jose Gutierrez Perez appeals his conviction for unlawfully carrying a weapon, claiming he received ineffective assistance of counsel. We affirm his conviction.

### BACKGROUND

Perez was stopped for a traffic violation in Medina County, Texas. Perez possessed a firearm at the time of the stop and was charged with unlawfully carrying a weapon. A jury convicted Perez, and the trial court fined him $300 and sentenced him to 30 days imprisonment, suspended for 180 days. Perez appeals his conviction, contending he was denied effec-

tive assistance of counsel. Specifically, Perez complains counsel failed to: (1) invoke "The Rule"; (2) object to improper comments on punishment evidence during final argument; (3) request a jury charge on two defensive issues; and (4) request a jury charge on Perez's lack of intent to commit the offense.

### INEFFECTIVE ASSISTANCE OF COUNSEL

 The United States and Texas Constitutions guarantee the right to reasonably effective counsel. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. To reverse a criminal defendant's conviction on grounds of ineffective assistance of counsel, the defendant must demonstrate by a preponderance of the evidence that: (1) counsel's performance was so deficient as to fall below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App.1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Thompson*, 9 S.W.3d at 812.

 On review, we give great deference to counsel's representation at trial. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim.App.2000). We look to the totality of the representation at trial, not isolated acts or omissions of counsel in hindsight.

*Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986). Any allegations of ineffectiveness must be firmly founded in the record, and the defendant must overcome the strong presumption that counsel rendered adequate assistance and that counsel's actions were the result of sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App.1994). The defendant's burden is even more difficult when, as in this case, the defendant does not file a motion for new trial asserting ineffective assistance of counsel. *Thompson*, 9 S.W.3d at 813–14; *Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998).

### INSTANCES OF ALLEGED INEFFECTIVE ASSISTANCE

Perez complains counsel's performance was deficient in four specific regards.

### A. Failure To Invoke "The Rule"

 Perez contends counsel should have invoked "The Rule" at the beginning of trial to prevent the bolstering of witnesses. *See* TEX.R. EVID. 614. Perez claims counsel's failure to invoke "The Rule" allowed Officer Azar Raja to bolster his partner's testimony regarding the validity of Perez's traffic stop.[1] The complained of testimony, however, neither concerns matters of critical importance nor goes directly to the question of Perez's guilt. Therefore, we cannot conclude Perez was prejudiced by counsel's failure to invoke "The Rule." *See Thompson*, 9 S.W.3d at 812.

---

1. Officer Raja testified, in part, as follows:
 Q. Have a seat right there, if you will, you're Trooper Raja?
 A. Yes, sir.
 Q. You were with Trooper [Kevin] Marmor the evening the defendant here, Jose Gutierrez Perez, was arrested?

 A. Yes, sir, I was.
 Q. You heard the officer testify that he was—he [Perez] passed the stop sign without stopping?
 A. Yes, sir.
 Q. Is that true?
 A. That is true.

## B. Final Argument

Perez contends counsel should have objected to improper comments on punishment evidence during final argument. Specifically, Perez argues counsel should have objected to the following prosecutorial remarks:

> Frankly, I don't think much of the pistol. I don't know what he was going to do with it. But my job is if you violate the law, I have to prosecute. And his job is if he violates the law and gets caught, he has to pay the fine.

Regardless of whether counsel should have voiced an objection to such remarks, Perez fails to demonstrate how he was prejudiced by counsel's failure to object. *See Thompson,* 9 S.W.3d at 812.

## C. Failure To Request Defensive Instructions

Perez contends counsel should have requested a jury charge on two defensive issues. In particular, Perez argues trial counsel should have requested an instruction on: (1) whether his firearm was defective; and (2) the traveler's defense. Failing to request a jury instruction on the only defense presented at trial renders a performance deficient if it would have been error for the trial court to refuse the requested instruction. *Vasquez v. State,* 830 S.W.2d 948, 951 (Tex.Crim.App.1992). A trial court must submit a requested instruction if evidence is introduced from any source which raises an issue on a defensive theory. *Muniz v. State,* 851 S.W.2d 238, 254 (Tex.Crim.App.1993). The evidence is sufficient to raise a defensive issue regardless of whether the evidence raising the issue is strong, weak, unimpeached, contradicted, or unbelievable. *Id.*

### Defectiveness of Weapon

Perez argues counsel should have requested an instruction on whether the handgun could be fired. *See Miles v. State,* 77 Tex.Crim. 597, 179 S.W. 567, 567 (1915) (holding it is not an offense to carry a pistol either so defectively manufactured or in such poor repair that it cannot be fired at all). Perez cites to the following testimony from one of the arresting officers in support of this contention:

Q. Okay. Is that gun usable?

A. I haven't fired it. No.

We believe such testimony, at most, demonstrates the testifying officer had not fired the weapon. This testimony simply does not raise an issue on the defectiveness of the firearm.

After thoroughly reviewing the entire record, we are unable to conclude that there is any evidence demonstrating the firearm was "in such bad repair that it could not be fired *at all.*" *See Miles,* 179 S.W. at 567. In fact, the only evidence in the record reveals that the handgun could be fired.[2] Because the record does not contain evidence which would have required the court to submit a defective firearm instruction, we hold counsel's performance was not deficient for failing to request such an instruction. *See Thompson,* 9 S.W.3d at 812.

### Traveler's Defense

Perez also argues counsel should have requested an instruction on the traveler's defense because he was traveling to another county when he was stopped. Section 46.15(b)(3) of the Texas Penal Code allows individuals to carry firearms when they are "traveling." Tex. Penal Code Ann. § 46.15(b)(3) (Vernon Supp. 2002). While the term "traveling," is not defined by the statute, case law instructs

---

**2.** Perez himself describes the handgun as firing "some of the time."

us that one is not a traveler where the distance is short and there is no real journey. *Stanfield v. State,* 34 S.W. 116, 116 (Tex.Crim.App.1896); *Blackwell v. State,* 34 Tex.Crim. 476, 31 S.W. 380, 380 (1895); *Birch v. State,* 948 S.W.2d 880, 883 (Tex. App.—San Antonio 1997, no pet.). This is true regardless of whether the accused's destination is in another county. *Stanfield,* 34 S.W. at 116; *Blackwell,* 31 S.W. at 380; *Birch,* 948 S.W.2d at 883.

In this case, the record indicates Perez's destination was a restaurant in the next county—a restaurant less than 10 miles from Perez's home. Under such facts, the trial court would not have erred had it refused an instruction concerning the traveler's defense because such evidence does not raise an issue on whether Perez was a "traveler." *See Stanfield,* 34 S.W. at 116 (holding one is not a "traveler" where the destination is a county 15 miles away and the individual intends to return that same day). Accordingly, we hold counsel's performance was not deficient for failing to request a traveler's defense instruction because the record contains no evidence that would have entitled Perez to such an instruction. *See Thompson,* 9 S.W.3d at 812.

## D. Failure To Request Intent Instruction

 Perez contends that because he did not intend to break the law, counsel should have requested a jury charge concerning his lack of intent to commit the offense. Defendants, however, are not entitled to an instruction that merely denies the existence of an essential element of the State's case. *Green v. State,* 566 S.W.2d 578, 584 (Tex.Crim.App.1978). Therefore, had counsel requested an instruction on his "lack of intent" and the trial court denied such instruction, the trial court would not have erred. *See id.* According-

ly, we hold counsel's conduct did not fall below an objective standard of reasonableness because he failed to request a "lack of intent" instruction. *See Thompson,* 9 S.W.3d at 812.

## CONCLUSION

Perez fails to demonstrate how the alleged errors, whether considered independently or considered cumulatively, prejudiced his case. Consequently, we hold Perez has not satisfied his burden under *Strickland. See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. We therefore affirm Perez's conviction.