Opinion issued December 22, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00155-CR




JAMES ERIC YOUNG, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 942214




MEMORANDUM OPINION

          A jury found appellant, James Eric Young, guilty of aggravated sexual assault
of a child and assessed his punishment at confinement for five years. See Tex. Pen.
Code Ann. § 22.021(a) (Vernon Supp. 2005). In three points of error, appellant
argues that (1) the trial court erred in refusing to submit instructions on sexual assault
and indecency with a child; (2) the State presented legally and factually insufficient
evidence that the offense occurred in Harris County, Texas; and (3) he received
ineffective assistance of counsel. 
          We affirm.
Background
          The complainant lived with her mother, her two brothers, and appellant. The
complainant recalled that appellant started touching her inappropriately when she was
six years old. The touching stopped for a few months, but then resumed after
everyone moved into a new house. The complainant testified that she did not tell
anyone about the improper touching because appellant said he would be put in jail
and the family would not get the things they wanted. When the complainant was in
the seventh grade, her family moved into another home. The complainant recalled
that appellant made her get on her knees and told her to open her mouth; appellant
then put his penis inside her mouth.


 She remembered appellant making her perform
this act three times. Appellant testified that the allegations of sexual assault were not
true. 
          Although the complainant testified to improper offenses that occurred from the
time she was six until she was much older, the complainant did not tell anyone until
she was in high school, when she told her mother. Later, the complainant met with
her school counselor, Phyillis Cart, and told her about the sexual assaults. Based on
her conversation with the complainant, Cart called Children’s Protective Services. 
The complainant also discussed the sexual assaults with a psychologist, Dr. Victoria
Sloan. 
Analysis
          Lesser Included Offenses
          In his first point of error, appellant argues that the trial court erred when it
refused to submit instructions on sexual assault and indecency with a child. 
Appellant maintains that these lesser included offenses were raised by the evidence
and that it was error for the trial court not to include these instructions in the jury
charge upon appellant’s defense counsel’s request. 
          A defendant is entitled to an instruction on a lesser included offense when the
proof for the offense charged includes the proof necessary to establish the lesser
included offense and there is some evidence in the record that would permit a jury
rationally to find that, if the defendant is guilty, he is guilty only of the lesser included
offense. Bignall v. State, 887 S.W.2d 21, 23 (Tex. Crim. App. 1994) (citing Rousseau
v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993)). Anything more than a
scintilla of evidence is sufficient to entitle a defendant to a lesser charge. Bignall,
887 S.W.2d at 23. In other words, the evidence must establish the lesser included
offense as “a valid, rational alternative to the charged offense.” Arevalo v. State, 943
S.W.2d 887, 889 (Tex. Crim. App. 1997). When the evidence raising the lesser
included offense also casts doubt upon the greater offense, the evidence provides the
fact finder with a rational alternative of voting for the lesser included offense. Id.
                    Sexual Assault
          In his first sub-point of his first point of error, appellant argues that the trial
court should have instructed the jury on the lesser included offense of sexual assault.
          For aggravated sexual assault, the State had to prove beyond a reasonable
doubt that appellant intentionally or knowingly caused penetration of the mouth of
a child younger than 14 years of age by his sexual organ, without that person’s
consent. See Tex. Pen. Code Ann. § 22.021(a)(1)(A)(ii), (a)(2)(B) (Vernon Supp.
2005).


 
          For a defendant to be eligible for conviction of a lesser included offense, the
offense must be established by proof of the same or less than all facts required to
establish the commission of the offense charged. See Tex. Code Crim. Proc. Ann.
art. 37.09(1) (Vernon 1981).
          Sexual assault is generally held to be a lesser included offense under the charge
of aggravated sexual assault. Dodson v. State, 699 S.W.2d 251, 254 (Tex.
App.—Tyler 1985, no pet.). Such is not the case, however, in a charge under section
22.021(a)(2)(B), which statutorily mandates the offense of aggravated sexual assault
when “[a] person commits [any of the offenses categorized under subsection (1)] . . .
if the victim is younger than 14 years of age.” See Tex. Pen. Code Ann. §
22.021(a)(2)(B). A defendant indicted pursuant to section 22.021(a)(2)(B) cannot be
found guilty of the lesser included offense of sexual assault. Villareal v. State, 811
S.W.2d 212, 218 (Tex. App.—Houston [14th Dist.] 1991, no pet.).
          To meet the threshold for inclusion of sexual assault as a lesser included
offense, appellant was required to show that the lesser offense was included within
the proof necessary to establish the offense charged and that the record contained
some evidence that proved him guilty only of the lesser offense. Royster v. State, 622
S.W.2d 442, 446 (Tex. Crim. App. 1981). Appellant was indicted under section
22.021(a)(2)(B) of the Texas Penal Code and, therefore, does not meet the first prong
of the test. See Villareal, 811 S.W.2d at 818. Accordingly, the trial court did not err
in failing to submit the lesser included offense of sexual assault. 
                    Indecency with a Child
          In his second sub-point of his first point of error, appellant argues that the trial
court should have instructed the jury on the lesser included offense of indecency with
a child. 
          A person commits the offense of indecency with a child if, with a child younger
than 17 years of age and not the person’s spouse, whether the child is of the same or
opposite sex, the person engages in sexual contact with the child or causes the child
to engage in sexual contact or the person exposes his or her genitals, knowing the
child is present, with the intent to arouse or gratify the sexual desire of any person. 
Tex. Pen. Code Ann. § 21.11(a)(1)(2)(a) (Vernon 2003).
          Indecency with a child may be a lesser included offense of aggravated sexual
assault on a case-by-case basis. See Cunningham v. State, 726 S.W.2d 151, 153 (Tex.
Crim. App. 1987). “What must be decided in light of the offense charged and the
facts proved is whether in this cause indecency with a child is a lesser included
offense of the one alleged.” Id. (citing Campbell v. State, 571 S.W.2d 161 (Tex.
Crim. App. 1978)). The appellant must first show that the proof for the offense
charged includes the proof necessary to establish the lesser included offense. Id. 
Here, that burden is satisfied if the evidence at trial raised the issue that appellant
intended to arouse or gratify his sexual desire while in the course of committing the
alleged penetration or contact. See id.; see also Ochoa v. State, 982 S.W.2d 904, 908
(Tex. Crim. App. 1998) (in context of double jeopardy case, stating a charge on the
lesser included offense of indecency with a child, in addition to aggravated sexual
assault, is required if the evidence at trial raised the issue that the defendant intended
to arouse or gratify his sexual desire while in the course of committing the alleged
penetration or contact). The State concedes that appellant satisfied the first prong of
the test. 
          The appellant must next show that some evidence in the record would permit
a jury rationally to find that, if the defendant is guilty, he is guilty only of indecency
with a child. See Rousseau, 855 S.W.2d at 673–75; Easter v. State, 867 S.W.2d 929,
941 (Tex. App.—Waco 1993, pet. ref’d). This requirement may be satisfied either
(1) if evidence affirmatively refutes or negates an element establishing the greater
offense or (2) the evidence on the issue is subject to two different interpretations, and
one of the interpretations negates or rebuts an element of the greater. Schweinle v.
State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996). Anything more than a scintilla of
evidence from any source is sufficient to entitle a defendant to submission of the
issue, and this court may not consider whether the evidence is credible, controverted,
or in conflict with other evidence. See id. at 18; Havard v. State, 800 S.W.2d 195,
216 (Tex. Crim. App. 1989); Upchurch v. State, 23 S.W.3d 536, 538 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). The Court of Criminal Appeals has
stated:
It is not enough that the jury may disbelieve crucial evidence
pertaining to the greater offense. Rather, there must be some
evidence directly germane to a lesser-included offense for the
factfinder to consider before an instruction on a lesser-included
offense is warranted.

Skinner v. State, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997).
          Appellant contends the following evidence satisfied the second prong: (1) the
complainant testified about appellant’s touching and rubbing her private parts, but not
about penetration; (2) some of the incidents occurred when the complainant was
younger than 14; and (3) neither outcry witness testified to penetration. Appellant
asserts that this evidence is subject to two different interpretations, one of which
rebuts an element of the greater offense. 
          Here, the State’s indictment alleged that appellant intentionally and knowingly
caused the penetration of the mouth of the complainant, a person younger than
fourteen years of age, with his sexual organ. The evidence on which appellant relies
does not show that he could be guilty only of indecency with a child because the
evidence does not negate or rebut an element of aggravated sexual assault. At best,
appellant’s evidence shows that the outcry witnesses were told only about assaults
that occurred without penetration—whereas the complainant actually testified to the
penetration. None of the outcry witnesses testified that penetration of the
complainant’s mouth did not occur. Appellant’s reliance on evidence that the sexual
assaults occurred when the complainant was younger than 14 years of age is also
misplaced. Whether the complainant was younger than 14 neither affirmatively
refutes nor negates an element establishing aggravated sexual assault, nor is her age
subject to two different interpretations. See Schweinle, 915 S.W.2d at 19. 
Accordingly, the trial court did not err in failing to submit the lesser included offense
of indecency with a child.
          We overrule appellant’s first point of error.
          Venue
          In his second point of error, appellant argues that the State presented legally
and factually insufficient evidence that venue was proper in Harris County, Texas. 
Appellant raised this objection when he asked the trial court for an instructed verdict
on the ground that the State had not proven that venue was proper in Harris County. 
The trial court denied his motion.
          As a general rule, venue is proper in the county in which a sexual offense is
alleged to have taken place. Tex. Code Crim. Proc. Ann. art. 13.15 (Vernon 2005). 
The burden of proof is on the State to establish proper venue by a preponderance of
the evidence. Id. art. 13.17 (Vernon 2005). Failure to prove venue in the county of
prosecution is reversible error. See Black v. State, 645 S.W.2d 789, 791 (Tex. Crim.
App. 1983).
          C.Y., the complainant’s mother, testified that the family lived at 126 East
Forest Lane, which is in Harris County. The complainant testified that, while she was
living on East Forest Lane, appellant put his penis inside her mouth. We conclude
that the State presented legally and factually sufficient evidence that venue was
proper in Harris County.
          We overrule appellant’s second point of error.
 
          Ineffective Assistance of Counsel
          In his third point of error, appellant asserts that his defense counsel provided
ineffective assistance through the following: (1) he failed to request a hearing to
contest the State’s intent to use hearsay statements pursuant to article 38.072 of the
Texas Code of Criminal Procedure; (2) he failed to object to hearsay testimony; (3)
he failed to object to extraneous offenses; (4) he failed to object to opinion testimony;
(5) he failed to challenge an expert witness; (6) he failed to object to a comment on
appellant’s pre-arrest silence; (7) he failed to object to improper jury argument; (8)
he asked improper questions during direct examination; and (9) he failed to object to
a comment on punishment during the guilt-innocence stage of trial. In his tenth sub-point of his third point of error, appellant contends that his failure to raise ineffective
assistance of counsel in his motion for new trial was not a voluntary waiver of his
Sixth Amendment right to counsel.
                    Standard of Proof
          Both the United States and Texas Constitutions guarantee an accused the right
to reasonably effective assistance of counsel. U.S. Const. amend. VI; Tex. Const.
art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon 2005); see also
Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984); Ex parte
Gonzales, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prove ineffective
assistance of counsel, an appellant must show that (1) defense counsel’s
representation fell below an objective standard of reasonableness, based on prevailing
professional norms; and (2) the result of the proceeding would have been different but
for defense counsel’s deficient performance. Strickland, 466 U.S. at 688–92, 104 S.
Ct. at 2064–67; see also Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Appellant has the burden of proving his claim by a preponderance of the
evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). We apply
a strong presumption that defense counsel was competent. Thompson, 9 S.W.3d at
813. It is presumed that defense counsel’s strategy was sound and that the
representation was reasonable. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). In assessing whether a defendant has
overcome these presumptions, we are limited to the facts of the case. Thompson, 9
S.W.3d at 813. 
          An appellant “making a claim of ineffective assistance must identify the acts
or omissions of counsel that are alleged not to have been the result of reasonable
professional judgment.” Strickland, 466 U.S. at 690, 104 S. Ct. at 2052. Any
allegation of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d at
813. We cannot speculate beyond the record provided. Jackson v. State, 877 S.W.2d
768, 771 (Tex. Crim. App. 1994).
          The State contends that, because there was no motion for new trial hearing to
establish the reasons for defense counsel’s actions and because counsel’s strategy
cannot be determined from the record, appellant has not rebutted the presumption that
he received reasonable assistance of counsel. See Thompson, 9 S.W.3d at 813. The
Court of Criminal Appeals of Texas has held, however, that a motion for new trial
claiming ineffective assistance of counsel is not always required to preserve that
claim. See Robinson v. State, 16 S.W.3d 808, 809–10 (Tex. Crim. App. 2000). A
timely filed appeal is a proper procedure for seeking relief regarding ineffective
assistance of counsel. See id. A hearing on a motion for new trial is required only
when the motion raises matters extrinsic to the record. See Castoreno v. State, 932
S.W.2d 597, 605 (Tex. App.—San Antonio 1996, pet. ref’d). When an appellant’s
allegations of ineffective assistance of counsel are firmly founded and affirmatively
demonstrated in the record, no evidentiary hearing is required. See McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996); Castoreno, 932 S.W.2d at 605. 
Therefore, we address whether the record affirmatively demonstrates ineffective
assistance of counsel.
                    Article 38.072 Hearing
          In his first sub-point of his third point of error, appellant asserts that his
defense counsel failed to request an article 38.072 hearing to contest the State’s intent
to use hearsay statements. Alternatively, he contends that his counsel did ask for a
hearing, and, when the trial court did not grant it, his counsel lodged no objection. 
Article 38.072 provides that the trial court must hold a hearing outside the presence
of the jury to determine whether an outcry statement is reliable. See Tex. Code
Crim. Proc. Ann. art. 38.072 (Vernon 2005). The record does not indicate whether
appellant’s defense counsel requested an article 38.72 hearing or whether such a
hearing occurred. Thus, this complaint raises matters extrinsic to the record. It is
appellant’s burden to bring forth an adequate record. See Diaz-Galvan v. State, 942
S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). We cannot
speculate as to whether these events transpired.


 Jackson, 877 S.W.2d at 771.
          We overrule appellant’s first sub-point of his third point of error.
                    Hearsay Testimony
          Appellant also asserts that defense counsel lodged no objection when the State
offered the allegedly hearsay testimony. Had the trial court already determined that
the testimony was admissible, defense counsel may have decided not to object to the
evidence so as not to call the jury’s attention to it. See Duren v. State, 87 S.W.3d
719, 734 (Tex. App.—Texarkana 2002, no pet.). We will not speculate as to
counsel’s trial strategy. See Jackson, 877 S.W.2d at 771.
          We overrule appellant’s second sub-point of his third point of error.
                    Extraneous Bad Acts
          In his second sub-point of his third point of error, appellant argues that defense
counsel erred by not objecting to extraneous bad acts. Specifically, appellant asserts
that defense counsel did not object when the complainant’s mother said she had been
assaulted by appellant. Appellant concedes that the State filed a notice of intent to
use extraneous offenses, but this offense was not in the notice.
          The complainant’s mother testified that “we got into a big argument, had a
fight, called the police because he had threw me up against the wall.” Her testimony
continued as follows:
          STATE:       When this happened, was this the first time that he been
physically abusive with you?
 
          WITNESS:  No. No.
 
          STATE:       Okay.
 
          WITNESS:  He had, matter of fact, broke his finger–
          . . . 
 
          DEFENSE COUNSEL:   Since we’re getting into extraneous material here–
 
          COURT:     She’s not going into anything between him and her where the
complainant was not present. 
 
          Appellant asserts that his defense counsel should have objected to the evidence
that appellant was abusive with the complainant’s mother and obtained a ruling on
the objection. However, the extraneous act as testified to by the complainant’s
mother had already been heard by the jury when the complainant testified that
appellant had beaten her mother. Thus, defense counsel may have decided not to
object to this particular testimony because the same testimony had already been heard
by the jury. Defense counsel’s decision not to object may have been the result of a
reasoned trial strategy. We will not speculate as to trial counsel’s strategy. See
Jackson, 877 S.W.2d at 771. Moreover, the jury charge included an instruction not
to consider extraneous offenses in determining whether appellant committed the
charged offense. Thus, even if we were to find that this testimony was inadmissible,
appellant has not shown that the result of the proceeding would have been different
had defense counsel objected. 
          We overrule appellant’s third sub-point of his third point of error.
                    Improper Opinion Testimony
          In his fourth sub-point of his third point of error, appellant asserts that trial
counsel failed to object to three witnesses, Phyllis Cart, Chervyl Young, and Dr.
Sloan, who gave improper opinion testimony that they believed the complainant. 
Appellant first complains about Cart, the complainant’s school counselor. After Cart
testified to what the complainant had told her about the sexual assaults, the following
exchange took place:
          STATE:       Okay. What—after you—after you talked to her, what did you
think about what she told you?
 
          CART:        I believed her.

          Appellant next complains about the testimony of Young, the complainant’s
mother. After restating what the complainant had told her about the sexual assaults,
the following exchange took place:
          STATE:       Now, has she ever lied to you about anything big?
 
          YOUNG      No.
 
          STATE:       Do you feel like she was lying to you about [the sexual assaults]?
 
          YOUNG:     No.

          A witness may not give an opinion concerning the truth or falsity of a child
complainant’s allegations. Schutz v. State, 957 S.W.2d 52, 59 (Tex. Crim. App.
1997); Yount v. State, 872 S.W.2d 706, 711 (Tex. Crim. App. 1993); Ayala v. State,
352 S.W.2d 955 (Tex. Crim. App. 1962); Taylor v. State, 774 S.W.2d 31, (Tex.
App.—Houston [14th Dist.] 1989, pet. ref’d). Even expert testimony concerning a
complainant’s propensity to tell the truth is impermissible. Miller v. State, 757
S.W.2d 880, 883 (Tex. App.—Dallas 1988, pet. ref’d). In Miller, three witnesses
testified that the complainant was telling the truth about a sexual assault. The court
of appeals concluded that the testimony of each witness who testified that he or she
thought the complainant was telling the truth was inadmissible testimony that should
have been objected to by defense counsel. See id. at 883. The court of appeals stated
that it could discern no trial strategy in defense counsel’s failure to object to
inadmissible testimony concerning the only issue at trial—the complainant’s
credibility. Thus, the court of appeals held that defense counsel’s performance at trial
was deficient. 
          Here, the State does not present any plausible trial strategy for defense
counsel’s failure to object to the inadmissible testimony. In fact, the State advances
no strategy whatsoever. The State merely responds that we should overrule
appellant’s ineffective assistance claim because appellant did not raise ineffective
assistance in his motion for new trial, and, therefore, we would have to speculate on
defense counsel’s strategy. 
          We conclude that defense counsel had no sound trial strategy in failing to
object to the inadmissible testimony concerning the complainant’s credibility. See
Sessums v. State, 129 S.W.3d 242, 248 (Tex. App.—Texarkana 2004, pet. ref’d)
(concluding that there is no conceivable strategy or tactic that would justify allowing
witnesses to testify that the complainant was truthful in front of a jury). Thus, we
hold that defense counsel performed deficiently at trial.



          Having concluded that appellant received deficient assistance of counsel, we
turn to the second prong of Strickland—whether there is a reasonable probability that,
but for counsel’s unprofessional errors, the result of the proceeding would have been
different. Strickland, 466 U.S. at 688–92, 104 S. Ct. at 2064–67.
          We consider that the State referenced the witnesses’ improper testimony during
its closing argument without objection from appellant’s counsel. The State made the
following closing argument:
          STATE:       No one from the defendant’s family, from the
congregation, from the community came down here to say
[the complainant] is lying about the defendant sexually
abusing her. The reason that’s important is the defense has
the same subpoena power we do. They could bring 300
witnesses to come down here and they didn’t. They
brought you the defendant to come down here and say, she
says I raped her, I did not. 
 
          DEFENSE COUNSEL:   Your honor, I’m going to object. As counsel
knows, we cannot put in character testimony
on guilt/innocence. There are no witnesses to
the alleged acts. That’s misleading, and I
object.
 
          COURT:     Overruled.
STATE:       Okay. And the Judge overruled that objection because no
one says she is lying, all right? That’s important because
there are people that say she is telling the truth, okay? Her
mother obviously supported her, because she kicked the
defendant out right away. We know that Phyllis Cart
supported her because she told y’all she believed her. We
know Dr. Sloan supported her as well because she
diagnosed her with post traumatic stress disorder, and the
basis of that was the sexual abuse.



          In reviewing the entire record in this case, we do not think appellant has met
his burden of showing, by a preponderance of the evidence, that the result of the
proceeding would have been different had defense counsel objected to the improper
testimony. The central issue at trial was whether appellant assaulted the complainant. 
The complainant testified that she had been sexually assaulted numerous times by
appellant. Cart also testified that the complainant told her that appellant had hurt her
and fondled her. The complainant’s mother testified that the complainant had stated
that appellant had been touching her, feeling her breasts, and touching her private
area. The complainant’s mother recalled that appellant told the complainant that if
she told anyone about the abuse, appellant would kill her. Dr. Sloan, a clinical
psychologist, testified that the complainant had symptoms that indicated that she had
been sexually abused. 
          Moreover, the State did not rely extensively on the brief, but inadmissible
testimony. Although the jury found appellant guilty, it assessed his punishment at the
lower end of the sentencing range. Finally, appellant makes only a general argument
on how the result of the proceeding would have been different but for counsel’s
deficient conduct. Specifically, appellant argues that there is reasonable probability
that the result of trial would have been different had the witnesses’ testimony about
the complainant’s credibility not been present. Accordingly, we conclude that
appellant has not met the second prong of Strickland. See Strickland, 466 U.S. at
688–92, 104 S. Ct. at 2064–67.
          We overrule appellant’s fourth sub-point within his third point of error.
                    Expert Witness Diagnosis
          In his fifth sub-point of his third point of error, appellant argues that he
received ineffective assistance of counsel because his defense counsel failed to seek
a Daubert


 hearing to challenge the State’s expert’s reliability. He argues that the
record is clear that defense counsel did not request a Daubert hearing, nor was one
undertaken outside the presence of the jury. Appellant’s complaint raises matters that
are extrinsic to the record. To conclude that defense counsel acted deficiently would
call for us to speculate, which we will not do. See Jackson, 877 S.W.2d at 771. 
Moreover, appellant does not cite any authority holding that the failure to request a
Daubert hearing constitutes ineffective assistance of counsel. See Tex. R. App. P.
38.1(h).
          We overrule appellant’s fifth sub-point of his third point of error. 
                    Comment on Appellant’s Pre-Arrest Silence
          In his sixth sub-point of his third point of error, appellant argues that the
testimony of Detective Fitzgerald allowed the State to comment on appellant’s pre-arrest silence. Appellant argues that defense counsel’s failure to object to Detective
Fitzgerald’s testimony resulted in a violation of appellant’s rights under the Fifth
Amendment of the U.S. Constitution and the Texas Constitution. See U.S. Const.
amend V; Tex. Const. art. I § 10.
          Appellant argues that his defense counsel should have objected to the
following exchange between the State and Detective Fitzgerald:
          STATE:       After you got statements from her and her mother, talked
to them, did you have an opportunity to contact the
defendant?
 
          WITNESS:  Yes, I did.
 
          STATE:       And did you ask him, you know, whether this had
happened?
 
          WITNESS:  Yes, I did.
 
          STATE:       Okay. Why did you do that?
 
          WITNESS:  We were trying to determine if this occurred, and if it did,
who did it.
 
          STATE:       Okay. So, would it be fair to say you wanted to get his side
of the story?
 
          WITNESS:  Absolutely.
 
          STATE:       So, what did he say?
 
          WITNESS:  Basically, he didn’t do it, and he gave a few reasons why
he thought the child was making this up.
 
          ***
 
          STATE:       Did you offer him an opportunity to give you the names of
some folks that could support his story?
 
          WITNESS:  Yes, I did.
 
          ***
 
          STATE:       Okay. And what were you supposed to do with those
names?
 
          WITNESS:  He was supposed to call me with their phone numbers or a
way to contact them.
 
          ***
 
          STATE:       Okay. And did he follow up on providing you with ways
to get a hold of these two fellas?
 
          WITNESS:  No, ma’am. He never contacted me.

          “Prearrest silence is a constitutionally permissible area of inquiry.” Waldo v.
State, 746 S.W.2d 750, 755 (Tex. Crim. App. 1988); see Rodriguez v. State, 137
S.W.3d 228, 231 n.1 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The exchange
between the State and Detective Fitzgerald relates to comments made prior to
appellant’s arrest. Accordingly, we conclude that defense counsel did not act
deficiently by failing to object to Detective Fitzgerald’s testimony regarding
appellant’s statements before arrest.


 
          We overrule appellant’s sixth sub-point of his third point of error.
                    Burden of Proof and Proper Closing Argument
          In his seventh sub-point of his third point of error, appellant argues that the
State inferentially shifted the burden of proof. Appellant cites the same portion of
Detective Fitzgerald’s testimony discussed in the previous point and the State’s
closing argument.
          We have already determined that Detective Fitzgerald’s testimony regarding
appellant’s pre-arrest statements was not improper. Thus, we consider whether the
State’s closing arguments improperly shifted the burden of proof to appellant. 
          Appellant objects to the following portion of the State’s closing argument:
No one from the defendant’s family, from the congregation, from
the community came down here to say [the complainant] is lying
about the defendant sexually abusing her. The reason that’s
important is the defense has the same subpoena power we do. 
They could bring 300 witnesses to come down here and they
didn’t. They brought you the defendant to come down here and
say, she says I raped her, I did not. 

          As we noted previously, appellant’s defense counsel objected to this portion
of the State’s closing argument. Defense counsel stated, “I’m going to object. As
counsel knows, we cannot put in character testimony on guilt/innocence. There are
no witnesses to the alleged acts. That’s misleading, and I object.” We conclude that
appellant’s defense counsel properly objected to the State’s closing argument. Thus,
appellant has not satisfied the first prong of ineffective assistance of counsel. 
          We overrule appellant’s seventh sub-point of his third points of error.
                    Improper Questions on Direct Examination
          In his eighth sub-point of his third point of error, appellant argues that defense
counsel asked him improper questions during direct examination. Appellant contends
that the following exchange implied appellant’s guilt to the jury.
          DEFENSE COUNSEL:   Please state your name.
 
          APPELLANT:      James Eric Young.
 
          COUNSEL:           Reverend Young, are you aware that the
Constitution of the United States, plus the
laws of Texas, give you the right to remain
silent?
 
          APPELLANT:      Yes, I do.
 
          COUNSEL:           You realize you do not have to testify in this
case?
 
          APPELLANT:      Yes, I do.
 
          COUNSEL:           Knowing that, do you elect to testify in this
case?
 
          APPELLANT:      Yes, I do.
 
          COUNSEL:           Do you want to testify in this case?
 
          APPELLANT:      Yes. 

          We cannot conclude that this exchange implied appellant’s guilt. Quite simply,
defense counsel may have been trying to communicate to the jury that although
appellant could elect not to testify, he agreed to testify because he had nothing to
hide. We conclude that because such a strategy is reasonable, appellant has not
shown that his counsel acted deficiently by placing appellant’s decision to testify on
the record. 
          We overrule appellant’s eighth sub-point of his third point of error.
                    Improper Comment on Punishment
          In his ninth sub-point of his third point of error, appellant argues that the State
adduced evidence concerning punishment during the guilt-innocence stage of trial
and during its closing argument. 
          Appellant complains of the following exchange that occurred between the State
and the complainant during the guilt-innocence stage of trial:
          STATE:       [W]e’ve talked about this case, haven’t we?
 
          WITNESS:  Yes, ma’am.
 
          STATE:       And I told you that this was a very serious case, right?
 
          WITNESS:  Yes, ma’am.
 
          STATE:       Okay. And I told you that, you know, the things that you
had told me happened could result in the defendant going
to prison?
 
          WITNESS:  Yes, ma’am.
 
          STATE:       You know that, right?
 
          WITNESS:  Yes, ma’am.
 
          STATE:       For anywhere between 5 and 99 years or life in prison. 
You know that right?
 
          WITNESS:  Yes, ma’am, I do.
 
          STATE:       I told you also that if the jury decides they want to give him
probation for what he did to you, that that is something
they could choose to do as well, right?
 
          WITNESS:  Yes, ma’am. 
          Appellant also argues that the State’s closing argument adduced evidence
concerning punishment during the guilt-innocence stage of trial. He complains about
the following portion of the State’s closing argument:
The last thing I listed is why would she testify. I touched on this
before. She knows that if he gets convicted, he is going to be
punished, okay? And that he could go to prison or get probation. 
So, you have to think in order to find him not guilty that she hates
him that much, a man that provided for her, a man that bought her
stuff, a man that took her to New Orleans, a man that is nice to
her. That she hates him so much that she is going to come down
here and risk him getting convicted, going to prison, getting
probation, being punished for what he did to her, that she is going
to lie. 

Appellant does not cite any authority for his argument that the abovementioned
testimony and closing argument was improper, that his counsel acted deficiently in
failing to object, or that but for counsel’s deficient conduct, the result of the
proceeding would have been different. Accordingly, appellant has waived any
complaint to this testimony. See Tex. R. App. 38.1(h); see also Perez v. State, 87
S.W.3d 648, 652 (Tex. App.—San Antonio 2002, no pet.) (overruling appellant’s
ineffective assistance point of error because appellant failed to show how he was
prejudiced by counsel’s failure to object to comment about punishment during guilt-innocence stage of trial).
          We overrule appellant’s ninth sub-point of his third point of error. 
                    Waiver of Sixth Amendment Right
          In his tenth sub-point of his third point of error, appellant contends that his
failure to raise ineffective assistance of counsel in his motion for new trial was not
a voluntary waiver of his Sixth Amendment right to counsel. See U.S. Const.
amend. VI. Appellant maintains that his original defense counsel withdrew on the
same day that he was sentenced. He then asserts that the motion to substitute
appellate counsel was granted by the trial court on March 23, 2004 and that the
motion for new trial was filed the same day. He further maintains that his appointed
appellate counsel requested a reporter’s record on March 3, 2004 and filed a request
for a reporter’s record on May 19, 2004. He contends that because the reporter’s
record was not filed until September 15, 2004, none of the errors that occurred during
the trial were reviewable by his substitute appellate counsel when he filed the motion
for new trial. To support this claim, appellant cites to appendix F of his brief.
          The record reflects, however, that the trial court appointed appellate counsel,
Yalila Guerrero, on February 24, 2004 and ordered the court reporter to prepare the
statement of facts and transcribe all trial proceedings. On March 23, 2003, appellant
filed an agreed motion to substitute Guerrero with his present appellate counsel,
Bernadette Johnlewis. On the same day, the trial court granted appellant’s motion to
substitute counsel.
          Appendix F of appellant’s brief does not contain anything that supports his
claim. Additionally, other than stating that he did not voluntarily waive his Sixth
Amendment rights, appellant does not seek any relief in this point of error. 
Accordingly, we have nothing to review. 
          We overrule appellant’s tenth sub-point of his third point of error.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.






                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).